T.C. Memo. 2003-173



UNITED STATES TAX COURT



STEPHEN G. AND KAREN P. SHALTZ, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent



Docket No. 6523-02.                    Filed June 11, 2003.



        Ps timely filed their joint 1999 Federal income
tax return wherein they failed to report a $30,000
payment P-W received from GM during 1999.  That payment
arose from a complaint that P-W had filed against GM
and one of its employees for sexual harassment
primarily in violation of the Elliott-Larsen Civil
Rights Act, Mich. Comp. Law, secs. 37.2101-37.2804
(2001).  In her complaint, P-W prayed solely for an
award of "damages for mental anguish, humiliation,
embarrassment, and loss of benefits and other economic
advantages of employment."  Following mediation, GM
settled W's complaint by paying to P-W $30,000,
inclusive of costs, interest, and attorney fees.

        <u>Held</u>:  But for $9,691 conceded by R to be
excludable in this case from gross income, Ps are not
entitled to exclude any of the settlement payment from
their gross income under sec. 104(a)(2), I.R.C.  Ps
failed to establish that any of the net settlement
payment was received by P-W on account of a personal

physical injury or physical sickness, as required by
sec. 104(a)(2), I.R.C.  Nor have petitioners
established that they received any portion of the net
settlement amount for expenses that they paid for
medical care attributable to emotional distress, so as
to exclude that portion under the flush language of
sec. 104(a), I.R.C.

Robert J. Zinkel, Jr., for petitioners.

John W. Stevens, for respondent.

MEMORANDUM OPINION

LARO, Judge:  This case is before the Court for decision
without trial.  See Rule 122.  Respondent determined a deficiency
of $12,205 in petitioners' 1999 Federal income tax and a related
accuracy-related penalty of $2,441 under section 6662(a).
Following concessions by respondent, we are left to decide
whether section 104(a)(2) allows petitioners to exclude from
their gross income a payment that Karen P. Shaltz (petitioner)
received from the settlement of a sexual harassment complaint.
We hold it does not.  Unless otherwise noted, section references
are to the applicable versions of the Internal Revenue Code.
Rule references are to the Tax Court Rules of Practice and
Procedure.

## Background

All facts were stipulated.[1]  The stipulated facts and the exhibits submitted therewith are incorporated herein by this reference.  Petitioners are husband and wife.  They resided in Munith, Michigan, when their petition was filed.

Petitioners timely filed a joint 1999 Federal income tax return.  They did not report on that return that petitioner had received $30,000 from General Motors, Inc. (GM) during 1999 stemming from a complaint that she had filed in the Michigan Circuit Court for the County of Wayne against GM and one of its employees, James Pennington (Pennington).  The complaint alleged that petitioner's suit was one "of trespass" and asserted that GM and Pennington were liable to petitioner for sexual harassment primarily in violation of the Elliott-Larsen Civil Rights Act, Mich. Comp. Laws, secs. 37.2101-37.2804 (2001).  The complaint contained three counts, one against GM and Pennington, and the other two against GM alone.  With respect to all three counts, petitioner prayed solely for an award of "damages for mental anguish, humiliation, embarrassment, and loss of benefits and other economic advantages of employment."

Petitioner's complaint against GM and Pennington went to mediation before trial.  Following mediation, GM settled this

---

[1] Petitioners attached to their brief an affidavit of their counsel.  We give no consideration to this affidavit.  See Rule 143(b).

complaint by paying to petitioner in 1999 $30,000, inclusive of costs, interest, and attorney fees.[2] Of that amount, $9,691 was retained by petitioner's counsel under a contingent fee arrangement. Respondent concedes that petitioners' gross income does not include this $9,691. Petitioner also paid in connection with the litigation $5,964.34 in litigation costs (mainly deposition expenses). Petitioner claims also to have paid $662.73 in medical expenses related to the alleged injuries underlying the complaint.

## Discussion

Respondent's determinations in the notice of deficiency are presumed correct, and petitioners must prove those determinations wrong in order to prevail. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). The submission of this case to the Court under Rule 122 does not change or otherwise lessen petitioners' burden of proof. Rule 122(b); Kitch v. Commissioner, 104 T.C. 1, 5 (1995), affd. 103 F.3d 104 (10th Cir. 1996). Whereas in certain cases section 7491(a) shifts the burden of proof to the Commissioner, we conclude that this is not one of those cases. Petitioners have neither alleged that section 7491 is applicable to this case nor established that they have complied with the requirements of section 7491(a)(2)(A) and

---

[2] But for this general description of the settlement, the record does not provide any other details as to the terms or circumstances of the settlement.

(B) to substantiate items, to maintain required records, and to cooperate fully with reasonable requests of the Commissioner. See sec. 7491(a)(2).

Section 61(a) provides that gross income includes all income from whatever source derived. Section 61(a) is construed broadly to reach any accession to wealth. Exclusions from gross income, on the other hand, are construed narrowly. Commissioner v. Schleier, 515 U.S. 323, 328 (1995); United States v. Burke, 504 U.S. 229, 233 (1992); Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 431 (1955).

The parties disagree over the applicability of section 104(a)(2) to the net settlement payment of $20,309 ($30,000 less $9,691). That section as applicable herein excludes from gross income "the amount of any damages (other than punitive damages) received (whether by suit or agreement and whether as lump sums or as periodic payments) on account of personal physical injuries or physical sickness". In this context, the terms "physical injury" and "physical sickness" do not include emotional distress, except to the extent of damages not in excess of the amount paid for medical care described in section 213(d)(1)(A) and (B) attributable to emotional distress. See the flush language of section 104(a).

The term "damages received", as used in section 104(a)(2), denotes an amount received "through prosecution of a legal suit

or action based upon tort or tort type rights, or through a settlement agreement entered into in lieu of such prosecution." Sec. 1.104-1(c), Income Tax Regs. In the absence of bona fide language in a settlement agreement as to the reason for a settlement payment, we discern that reason by determining the intent of the payor in making the payment. <u>Robinson v. Commissioner</u>, 102 T.C. 116, 127 (1994), affd. in part and revd. in part on another issue not relevant herein 70 F.3d 34 (5th Cir. 1995). We do so on the basis of all the facts and circumstances of the case, including an analysis of the complaint filed and the details surrounding the litigation. <u>Id.</u>

Petitioners must meet a two-prong test in order for the net settlement payment to be excluded under section 104(a)(2). More specifically, they must prove that: (1) The underlying cause of action giving rise to petitioner's recovery of the payment is based upon tort or tort type rights and (2) the payment was received on account of personal physical injuries or physical sickness. <u>Commissioner v. Schleier</u>, <u>supra</u> at 328;[3] see also sec.

---

[3] As relevant herein, the Small Business Job Protection Act of 1996 (SBJPA), Pub. L. 104-188, sec. 1605, 110 Stat. 1838, amended sec. 104(a)(2) to narrow the exclusion for amounts received after Aug. 20, 1996. Whereas the text of the predecessor section allowed an exclusion for damages received "on account of personal injuries or sickness", the SBJPA mandated that the damages could be excluded from gross income only if they were received "on account of personal <u>physical</u> injuries or <u>physical</u> sickness". (Emphasis added.) The Supreme Court in <u>Commissioner v. Schleier</u>, 515 U.S. 323 (1995), addressed the

(continued...)

104(a)(2); sec. 1.104-1(c), Income Tax Regs.  Unless petitioners prove both of these prongs the net settlement payment is not excludable from gross income under section 104(a)(2).  E.g., Prasil v. Commissioner, T.C. Memo. 2003-100.

We begin our analysis with the second prong.  Our inquiry as to this prong is twofold.  First, we need to decide whether petitioner's complaint for sexual harassment, mental anguish, humiliation, embarrassment, and loss of benefits and other economic advantages of employment constitutes an allegation of personal physical injuries or physical sickness.  See Horton v. Commissioner, 100 T.C. 93, 96-98 (1993), affd. 33 F.3d 625 (6th Cir. 1994).  Second, if we find that it does, we need to decide what part, if any, of the net settlement amount was paid to petitioner on account of those personal physical injuries or physical sickness.

Petitioner's complaint prays for an award only as to the following four damages:  Mental anguish, humiliation, embarrassment, and loss of benefits and other economic advantages of employment.  The last category of alleged damages (loss of

---

[3](...continued)
predecessor text and enunciated the referenced two-prong test without mention of the word "physical".  In that the amendment made to that text by the SBJPA applies to the instant case, it logically follows that petitioner's personal injuries or sickness must be physical in nature to fall within the exclusion of section 104(a)(2).  See Prasil v. Commissioner, T.C. Memo. 2003-100.

benefits and other economic advantages of employment) is not on account of personal injuries or sickness.  Commissioner v. Schleier, supra at 331 (economic injuries are not personal injuries for purposes of section 104(a)(2)); United States v. Burke, supra at 239 (same); see also Robinson v. Commissioner, supra at 126.  Although each of the first three categories of alleged damages (mental anguish, humiliation, embarrassment) could be or have been construed to be personal injuries or sickness, e.g., Commissioner v. Schleier, supra at 329; United States v. Burke, supra at 235 n.6; see also Greer v. United States, 207 F.3d 322, 328 (6th Cir. 2000), the question under the applicable text of section 104(a)(2) is not merely whether those damages reflected personal injuries or sickness but whether a personal injury or sickness is physical in nature.[4]  Under the facts herein, petitioners' alleged mental anguish, humiliation, and embarrassment are not personal physical injuries or physical sickness within the meaning of section 104(a)(2) but are most akin to emotional distress.  Sec. 104(a)(2) and the flush language of sec. 104(a); see H. Conf. Rept. 104-737, at 301 n.56 (1996), 1996-3 C.B. 741, 1041 n.56 (emotional distress, including symptoms such as insomnia, headaches, and stomach disorders, is

---

[4] Petitioners miss this point in that they erroneously apply in their brief the pre-amendment text of sec. 104(a)(2) and the Supreme Court's discussion of that predecessor statute in Commissioner v. Schleier, supra at 328-329.

not considered a physical injury or physical sickness, except that an exclusion may be allowed to the amount paid for medical care attributable to the emotional distress); see also <u>United States v. Burke</u>, 504 U.S. at 237 (stating that former section 104(a)(2)'s reference to personal injuries "encompasses * * * nonphysical injuries to the individual, such as those affecting emotions, reputation, or character"); <u>Greer v. United States</u>, <u>supra</u> at 328; <u>Garrett v. Commissioner</u>, T.C. Memo. 1994-70. See generally Black's Law Dictionary 542 (7th ed. 1999) ("emotional distress" denotes "A highly unpleasant mental reaction (such as anguish, grief, fright, humiliation, or fury) that results from another person's conduct; emotional pain and suffering."). We conclude that none of petitioner's net settlement payment is attributable to personal physical injuries or physical sickness and hold that none of that payment may be excluded from petitioners' gross income under section 104(a)(2).[5] In so doing, we note that the record does not establish the intent of GM in making any or all of the settlement payment to petitioner.[6]

---

[5] Petitioners make no claim that any part of the net settlement amount was received by petitioner as damages for expenses paid for medical care attributable to emotional distress. Nor are we able to find that such was the case. Accordingly, we also conclude that the flush language of sec. 104(a) is inapplicable.

[6] Petitioners introduced into evidence a letter from the Social Security Administration showing that petitioner was eligible for disability payments during 1998. The record is

(continued...)

Thus, insofar as petitioners' sexual harassment complaint was for personal physical injury or physical sickness, the record before us would not support a finding that any amount of the $30,000 settlement was received on account of such injury or sickness. As a result, the entire payment, with the exception of the amount conceded by respondent, is taxable. Bland v. Commissioner, T.C. Memo. 2000-98 (citing Pipitone v. United States, 180 F.3d 859, 865 (7th Cir. 1999)); see also Taggi v. United States, 35 F.3d 93, 96 (2d Cir. 1994); Sherman v. Commissioner, T.C. Memo. 1999-202; Brennan v. Commissioner, T.C. Memo. 1997-317.

Petitioners argue alternatively that the net settlement payment is not taxable to them to the extent of the aforementioned court costs and claimed medical expenses by virtue of Estate of Clarks v. United States, 202 F.3d 854 (6th Cir. 2000). We disagree. We note at the outset that petitioners have not established that they paid the claimed medical expenses for emotional distress. In Estate of Clarks, the Court of Appeals

---

⁶(...continued)
silent as to any reason or reasons for petitioner's disability. Petitioners also provided a statement of petitioner's physician opining that petitioner as of Feb. 5, 1998, suffered from depression, anxiety, stress, and recurrent past stressors, and had so suffered from these conditions from March 1995. While the statement also opined that depression and trauma at work were the reasons for petitioner's conditions, the statement does not mention anything about sexual harassment of petitioner. On the record before us, we are unable to link petitioner's disability and her conditions as reflected in the physician's statement with the sexual harassment complaint or, more importantly, to GM's settlement of that complaint.

for the Sixth Circuit held that a portion of a judgment awarded to a taxpayer and paid to the taxpayer's lawyer under a contingent fee arrangement was not includable in the taxpayer's gross income.  The Court reasoned that the taxpayer's contingent fee agreement operated under applicable State (Michigan) law as a lien on the portion of the judgment to be recovered and transferred the ownership of that portion to the lawyer.  We do not read the Court of Appeals' opinion in <u>Estate of Clarks</u> to support petitioners' position as to the court costs and claimed medical expenses.  We hold against petitioners on this issue.

We have considered all arguments and have found those arguments not discussed herein to be irrelevant and/or without merit.  To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.