T.C. Summary Opinion 2009-27

UNITED STATES TAX COURT

RONALD COLQUITT, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15771-07S.                 Filed February 26, 2009.

Ronald Colquitt, pro se.

<u>Dorit Shaybani-Rad</u>, for respondent.

GERBER, <u>Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any

_____

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

other court, and this opinion shall not be treated as precedent for any other case.

On June 11, 2007, respondent issued a notice of deficiency which determined that petitioner failed to report certain items of income for the 2005 tax year. Respondent determined a deficiency of $4,320 and an accuracy-related penalty under section 6662(a) of $1,107. After concessions by both parties, the only issue that remains is whether petitioner was required to report as income $14,000 received from his former employer as a result of his wrongful termination claim.

## Background

Petitioner resided in California when he filed his petition. Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Portions of the record have been sealed at the request of petitioner.

At the time of the controversy underlying this case, petitioner was employed as a private investigator. During the course of his employment petitioner suffered from a physical injury or sickness while on an assignment. His employer asked him to continue working despite the injury or sickness, and when petitioner refused, he was fired. Subsequently, petitioner filed suit against the former employer and ultimately received $14,000 on his claim in 2005.

Petitioner timely filed a Form 1040, U.S. Individual Income Tax Return, for the 2005 tax year. Petitioner did not report the $14,000 recovery as income. Petitioner's former employer did, however, report the payment to respondent by filing a Form 1099-MISC, Miscellaneous Income.

## Discussion

Gross income includes "all income from whatever source derived" unless specifically excluded. Sec. 61(a). Section 61(a) is broadly interpreted, but exclusions from income are narrowly defined. Commissioner v. Schleier, 515 U.S. 323, 327-328 (1995).

Section 104(a)(2) excludes damages received on account of personal physical injury or physical sickness. To qualify under section 104(a)(2), taxpayers must show: (1) The underlying cause of action was based upon tort or tort-type rights and (2) the damages were received on account of personal physical injuries or physical sickness. Id. at 336-337; sec. 1.104-1(c), Income Tax Regs.

## I. Tort-Based Claim

The section 104(a)(2) requirement that petitioner's claim arise from a tort or tort-type rights obligates us to examine State law, because State law determines the nature of the claim. Venable v. Commissioner, T.C. Memo. 2003-240, affd. 110 Fed. Appx. 421 (5th Cir. 2004).

Under California law an employer's right to fire an at-will employee is limited by public policy considerations. Tameny v. Atl. Richfield Co., 610 P.2d 1330, 1332-1333 (Cal. 1980). At-will employees may recover tort damages from employers if they can show they were discharged in contravention of fundamental public policy. Id. at 1336. To prevail, employees must show that important public constitutional or statutory interests were contravened. Silo v. CHW Med. Found., 45 P.3d 1162, 1166 (Cal. 2002).

The California Labor Code forbids employers from requiring or allowing any employee to be in any place of employment that is not safe and healthful. Cal. Lab. Code sec. 6402 (West 2003). Moreover, an employee cannot be discharged for refusing to perform work which would result in a violation of the California Labor Code and where the violation would create a real and apparent hazard to that employee or to fellow employees. Cal. Lab. Code sec. 6311 (West 2003).

Petitioner did have tort-based claims against his employer. The record suggests at least two separate theories of recovery. First, the employer's insistence that petitioner continue working in the conditions that caused his injury or sickness violated Cal. Lab. Code sec. 6402 and could therefore support a claim of negligence per se. Second, the termination of petitioner's employment because he refused to continue working in those

conditions violated Cal. Lab. Code sec. 6311 and the underlying public policy of ensuring safe workplace conditions.[2]  That would support a claim for wrongful termination.

We are unpersuaded by respondent's argument that petitioner's wrongful termination claim could have been grounded in contract.  Janda v. Madera Cmty. Hosp., 16 F. Supp. 2d 1181, 1188 (E.D. Cal. 1998).  In the Janda case, bylaws approved and adopted by the hospital's governing board were mutually binding on the hospital and the plaintiff-physician, creating an implied-in-fact contract between the parties.  Id.  As a result, the nondiscrimination provision in the bylaws limited the hospital's ability to terminate the plaintiff's employment.  The plaintiff based his wrongful termination on that implied contractual restriction.  Here, there is nothing in the record that indicates the existence of any express or implied contractual limitations on the employer's ability to terminate petitioner's employment.

II.  Physical Injury or Physical Sickness

For payments made after August 20, 1996, Congress amended section 104(a)(2) to limit the exclusion to amounts received only for physical injuries.  Small Business Job Protection Act of 1996, Pub. L. 104-188, sec. 1605, 110 Stat. 1838.  Under prior

---

[2]It is also noted that a few months after petitioner's recovery on his claim, California enacted a regulation specifically addressing the injury or sickness petitioner suffered.  Cal. Code Regs. 8, sec. 3395 (2005).

law the exclusion had also been granted for nonphysical injuries. H. Conf. Rept. 104-737, at 301 (1996), 1996-3 C.B. 741, 1041.

We must again look to the nature of petitioner's underlying claim to determine whether the payment received was for a physical injury or sickness. See Connolly v. Commissioner, T.C. Memo. 2007-98. The determining factor is the payor's intent or dominant reason for making the payment. See Vincent v. Commissioner, T.C. Memo. 2005-95. This is generally determined by reference to the stated reasons for the payment and the accompanying factual setting. Stocks v. Commissioner, 98 T.C. 1, 11 (1992); King- Knoll v. Commissioner, T.C. Memo. 2003-277. However, a general release that is broad and inclusive gives no indication as to the nature of the underlying claim. Connolly v. Commissioner, supra. If the reason for the payment is not thereby expressly given, the payor's intent must be determined from all the surrounding facts and circumstances. Henderson v. Commissioner, T.C. Memo. 2003-168, affd. 104 Fed. Appx. 47 (9th Cir. 2004).

In the sealed portion of the record, the reasons given for the payment were general and unspecific. Thus, they are not dispositive as to the nature of petitioner's claim. However, that portion of the record does specifically refer to petitioner's wrongful termination allegation and makes no mention of any claim for negligence. This suggests the settlement

proceeds were intended as payment only for petitioner's wrongful termination claim.

In turn, damages petitioner received for that wrongful termination claim were not on account of physical injury or sickness. In order to meet the physical injury or sickness requirement of section 104(a)(2), petitioner must show that his former employer's actions caused or exacerbated his injury or sickness. See Vincent v. Commissioner, supra.

In the Vincent case, the taxpayer suffered from active peptic ulcer disease and was fired by her employer while on disability leave. In her suit against her employer the taxpayer claimed she was wrongfully terminated in violation of California's Fair Employment and Housing Act. Because she did not allege that her employer's actions caused or exacerbated her condition, we found that the jury did not consider this issue and therefore could not have awarded any portion of the damages on the basis of a claim for personal physical injuries. We also found that the jury awarded damages solely on the basis of the employer's discriminatory actions, which caused the taxpayer's lost wages and mental distress. Accordingly, we held the taxpayer was not entitled to exclusion under section 104(a)(2).

Petitioner has likewise not shown the required causal relationship. That he was physically injured or sick rendered his termination wrongful, but this is not enough for exclusion

under section 104(a)(2).  He must demonstrate that he received the payment on account of the physical injury or sickness.  He has not done so.  The evidence in the record indicates that the recovery was intended as "additional pay and benefits".  The employer's filing of the Form 1099-MISC confirms this.  As in Connolly v. Commissioner, supra, it indicates the employer intended the payment to be for a nonphysical injury or sickness.  As the payment petitioner received would undoubtedly have been taxed as income if he had not been wrongfully terminated, permitting the exclusion would grant him a windfall.  The Supreme Court noted this defect in the prior law:

> We concede that the original provision's language does go beyond what one might expect a purely tax-policy-related "human capital" rationale to justify.  That is because the language excludes from taxation not only those damages that aim to substitute for a victim's physical or personal well-being--personal assets that the Government does not tax and would not have taxed had the victim not lost them.  It also excludes from taxation those damages that substitute, say, for lost wages, which would have been taxed had the victim earned them.  To that extent, the provision can make the compensated taxpayer better off from a tax perspective than had the personal injury not taken place.

O'Gilvie v. United States, 519 U.S. 79, 86 (1996).  The addition of the "physical" injury requirement by the 1996 amendment was clearly meant to prevent this.

Even assuming that a portion of petitioner's recovery was attributable to a negligence claim and therefore compensation for physical injury or sickness, he has not demonstrated how much of

the recovery should be apportioned to that claim.  Because the Court is not allowed to make that allocation, the entire amount is not excludable under section 104(a)(2).  See <u>Whitehead v. Commissioner</u>, T.C. Memo. 1980-508.

For these reasons, we hold that the payment to petitioner was not damages received on account of personal physical injury or sickness and therefore is not excludable from income under section 104(a)(2).

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.