T.C. Memo. 2009-116

UNITED STATES TAX COURT

HARTFORD AND JOSEPHINE SHELTON, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16278-07.                    Filed May 26, 2009.

Hartford and Josephine Shelton, pro se.

<u>Rebecca Dance Harris</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

GOEKE, <u>Judge</u>:  Respondent determined a deficiency of $46,395
in petitioners' Federal income tax and an accuracy-related
penalty of $9,279 under section 6662 for 2004.[1]  The issues for
decision are:  (1) Whether pursuant to section 104(a)(2)

---

[1]Unless otherwise indicated, all section references are to
the Internal Revenue Code.

petitioners may exclude from their gross income the settlement proceeds received by petitioner wife. We hold that the settlement award is gross income and not excludable; and (2) whether petitioners are liable for an accuracy-related penalty under section 6662 for their failure to report the settlement proceeds. We hold that they are not.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time they filed their petition, petitioners resided in Virginia.

Petitioner wife was hired by the Dial Corp. (Dial) at some time before 1999. Petitioner husband is disabled and unable to work. While employed at Dial petitioner wife was subject to sexual harassment by her supervisor. Petitioner wife's supervisor repeatedly harassed her, made references to petitioner husband's disability, and refused to stop after petitioner wife rebuffed his advances. Petitioner wife complained about the harassment to Dial's management, but no corrective action was taken, and petitioner wife's employer retaliated against her. As a result of her complaints, petitioner wife was routinely assigned to menial labor or given the least desirable assignments.

Although petitioner wife was subject to harassment by her immediate supervisor, she was also harassed by other members of Dial's management. Petitioner wife developed severe emotional problems and began to receive medical help. Petitioner wife began and continues to take antidepressants and other medication to deal with the physical effects of her harassment.

On May 20, 1999, the Equal Employment Opportunity Commission (EEOC) filed a complaint against Dial in the U.S. District Court for the Northern District of Illinois. The complaint alleged that Dial had engaged in a pattern and practice of discrimination against a class of female employees based upon their sex by subjecting them to a hostile and abusive work environment and that Dial failed to remedy this situation after the company had become aware of the alleged harassment.

On April 29, 2003, the EEOC and Dial entered into a consent decree. The consent decree provided in pertinent part that Dial would pay $10 million (the settlement proceeds) to be distributed to all eligible class members. The decree also provided for corrective action on Dial's part to prevent future instances of sexual harassment. Petitioner wife was a member of the class of workers eligible for a portion of the settlement proceeds.

In order to receive the settlement proceeds, an eligible claimant had to sign a release form discharging Dial from liability for all past instances of sexual harassment. The

release provided in pertinent part that the settlement proceeds were for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and nonpecuniary losses.  The release did not provide any information concerning the proper treatment of the settlement funds for Federal tax purposes. However, a claimant who signed the release acknowledged that the settlement amount might be subject, in whole or in part, to Federal and State income taxation.  Petitioner wife signed a release and received $123,500 from Dial in 2004.  Dial issued a Form 1099-MISC, Miscellaneous Income, to petitioner wife reporting income of $123,500.

Petitioner wife contacted the Internal Revenue Service (IRS) at some point after receiving the settlement proceeds to determine their proper treatment.  The IRS representative informed petitioner wife that in some situations settlement proceeds could be excluded from income if they were paid on account of physical injury.  Petitioner wife, having suffered physically as a result of her supervisor's harassment, believed that the settlement proceeds were paid to compensate her for those injuries.

On October 14, 2005, petitioners filed a joint Form 1040, U.S. Individual Income Tax Return, for tax year 2004. Petitioners' Form 1040 was prepared by a paid return preparer. Petitioner wife informed the return preparer that the settlement

proceeds were paid to compensate her for physical injury. In accordance with petitioner wife's representations, the return preparer did not include the settlement proceeds on petitioners' return.

On April 23, 2007, respondent issued a notice of deficiency (the notice) to petitioners for 2004. Respondent determined in the notice that petitioners were required to include the settlement proceeds in gross income and that petitioners were liable for a section 6662 accuracy-related penalty. On July 18, 2007, petitioners timely petitioned this Court for a redetermination of their tax liability.

OPINION

Gross income generally includes all income from whatever source derived. Sec. 61(a). The definition of gross income is broad in scope, while exclusions from income are narrowly construed. Commissioner v. Schleier, 515 U.S. 323, 328 (1995). Damages (other than punitive) received on account of personal physical injuries or physical sickness may generally be excluded from gross income. Sec. 104(a)(2). For the damages to be excluded under this provision, the underlying cause of action must be based in tort or tort-type rights, and the proceeds must be damages received on account of personal physical injury or sickness. Commissioner v. Schleier, supra at 337. Emotional distress is not treated as a personal physical injury or physical

sickness except for damages not in excess of the amount paid for medical care attributable to emotional distress. Sec. 104(a) (flush language).

Petitioners focus on the severity of the harassment and the physical ailments that it caused in arguing that they are not required to include the settlement proceeds in gross income. Petitioner wife contends that the settlement proceeds should not be taxable because after being harassed she was not the same person physically. Petitioner wife points to the fact that she sought medical help and continues to take medication to deal with the physical effects of the harassment. Respondent does not argue that the underlying cause of action in this case is not a tort or tort-type right; instead, respondent argues that the damages petitioner wife received were not on account of personal physical injuries or physical sickness.

Although petitioners argue that petitioner wife suffered physical injury as a result of her sexual harassment, that injury does not meet the requirements of section 104. Petitioner wife, although she suffered physically, was not compensated for that physical injury. Petitioners do not claim that any portion of the settlement proceeds were to reimburse them for amounts paid for medical care attributable to emotional distress. See sec. 104(a) (flush language); Sanford v. Commissioner, T.C. Memo. 2008-158. The settlement proceeds were for emotional pain,

suffering, inconvenience, mental anguish, loss of enjoyment of life, and nonpecuniary losses, not physical injury. Damages received on account of emotional stress, even when resultant physical symptoms occur, are not excludable from income under section 104(a)(2). <u>Hawkins v. Commissioner</u>, T.C. Memo. 2005-149. Because petitioner wife did not receive the settlement proceeds on account of personal physical injury or sickness, petitioners must include those amounts in gross income. See <u>Sanford v. Commissioner</u>, <u>supra</u>; <u>Shaltz v. Commissioner</u>, T.C. Memo. 2003-173.

Accuracy-Related Penalty

Respondent determined that petitioners are liable for an accuracy-related penalty under section 6662 for negligence or disregard of rules or regulations. Section 6662(a) and (b)(1) imposes a 20-percent penalty on an underpayment of tax that results from negligence or disregard of rules or regulations. Section 6662(c) defines the term "negligence" to include "any failure to make a reasonable attempt to comply with the provisions of this title", and the term "disregard" to include "any careless, reckless, or intentional disregard."

The section 6662 penalty is inapplicable to the extent the taxpayer had reasonable cause for the underpayment and acted in good faith. Sec. 6664(c)(1). The determination of whether the taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account the relevant facts and

circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs. "Circumstances that may indicate reasonable cause and good faith include an honest misunderstanding of fact or law that is reasonable in light of all of the facts and circumstances, including the experience, knowledge, and education of the taxpayer." Id. Generally, the most important factor is the extent of the taxpayer's efforts to assess the proper tax liability. Id. An honest misunderstanding of fact or law that is reasonable in the light of the experience, knowledge, and education of the taxpayer may indicate reasonable cause and good faith. Remy v. Commissioner, T.C. Memo. 1997-72.

Petitioners have no experience or education in tax law and sought advice from the IRS in order to determine the proper treatment of the settlement proceeds. The IRS employee informed petitioner wife that in some circumstances settlement proceeds could be excluded if they were paid to compensate for physical injuries. Petitioner wife believed that the proceeds were paid to compensate her for physical injury. This belief was reasonable; as a result of the harassment petitioner wife did not feel that she was the same physically. Petitioner wife's belief is supported by the fact that petitioner wife required medical help and began taking numerous medications soon after the harassment began. We find petitioners' mistaken belief that the settlement proceeds were for physical injury to be reasonable.

Petitioners acted reasonably and in good faith when they informed their return preparer that the settlement proceeds were paid on account of physical injury.  See <u>Stadnyk v. Commissioner</u>, T.C. Memo. 2008-289; <u>Pettit v. Commissioner</u>, T.C. Memo. 2008-87; <u>Gibson v. Commissioner</u>, T.C. Memo. 2007-224.  Viewing all of the circumstances, including the experience, knowledge, and education of petitioners, we conclude that petitioners have demonstrated reasonable cause for failing to report the settlement proceeds as income and that they acted in good faith.  Accordingly, petitioners are not liable for the accuracy-related penalty.

To reflect the foregoing,

<u>Decision will be entered for respondent as to the deficiency and for petitioners as to the accuracy-related penalty</u>.