T.C. Memo. 2012-317

UNITED STATES TAX COURT

DANIEL HUGH O'CONNOR, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7234-11.                    Filed November 14, 2012.

Daniel Hugh O'Connor, pro se.

<u>Randall Craig Schneider</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, <u>Judge</u>:  Respondent determined a $1,222 deficiency in

petitioner's 2008 Federal income tax.  After concessions,[1] the only issue remaining

_____

[1] The notice of deficiency adjusted petitioner's gross income to include: $5,550 of other income, $4,000 of gambling income, and $6,263 of Social Security

(continued...)

[*2] for decision is whether petitioner may exclude from taxable income $5,550 he received from Covance Clinical Research Unit, Inc. (Covance). Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in Nevada at the time he filed the petition.

Since approximately 1983 petitioner has suffered from gout. In 2008 Covance advertised that it was conducting a gout study in Honolulu, Hawaii. Petitioner was living in Honolulu at the time and entered into a contract with Covance to participate in the study. For 10 days and 9 nights, petitioner was confined to the Covance medical facility. He was required to adhere to a strict schedule during the study, which included blood tests, urine tests, EKGs, and vital

---

[1](...continued)
income. Petitioner concedes that the $4,000 of gambling income is includable in his gross income. However, respondent concedes that petitioner is entitled to offset the gambling income by including $4,000 of gambling losses on his Schedule A, Itemized Deductions. The parties also agree that the adjustment to Social Security income is computational and will be resolved by our holding herein.

[*3] screenings. During the study Covance provided petitioner and the other participants with meals and lodging. Petitioner was also required to participate in outpatient visits after the completion of the study.

Petitioner received a payment of $5,550 from Covance. Covance issued a Form 1099-MISC, Miscellaneous Income, to petitioner. Petitioner timely filed a Form 1040, U.S. Individual Income Tax Return, for 2008. He did not report the $5,550 that he received from Covance.

The Internal Revenue Service (IRS) audited his return. During the audit on June 10, 2010, petitioner submitted a Form 1040X, Amended U.S. Individual Income Tax Return. On the amended return petitioner reported $4,000 of gambling income and the $5,550 payment from Covance, stating in the explanation of changes that he did not report the items on his original return because they were "overlooked". The IRS did not process petitioner's amended return. During the audit and the audit appeal processes the IRS requested that petitioner produce his contract with Covance. Although petitioner had a copy of the contract, he failed to produce it. At the time of trial petitioner had a copy of the contract in a storage unit in Hawaii, but he did not introduce it into evidence.

[*4]                              OPINION

I.      Burden of Proof

As a general rule, the Commissioner's determinations in a notice of

deficiency are presumed correct, and the taxpayer bears the burden of proving that

those determinations are erroneous.  Rule 142(a); Welch v. Helvering, 290 U.S.

111, 115 (1933).  Petitioner argues that the burden of proof shifts to respondent

under section 7491.  Section 7491(a)(1) and (2) shifts the burden of proof to the

Commissioner as to any factual issue relevant to a taxpayer's liability for tax if (1)

the taxpayer introduces credible evidence with respect to such issue, and (2) the

taxpayer satisfies certain other conditions, including cooperation with the

Government's requests for witnesses, information, and documents.  See also Rule

142(a)(2).  The burden is on the taxpayer to show that he satisfied these

prerequisites.  See Richardson v. Commissioner, T.C. Memo. 2005-143.

At trial petitioner made an oral motion to shift the burden of proof to

respondent.  The factual issue in this case is whether the contract between

petitioner and Covance provided that the payment by Covance to petitioner is

excludable from gross income as either (1) compensation for sickness or injury or

(2) a gift.  Petitioner did not introduce the contract or testify to its terms.

Therefore, petitioner has failed to present credible evidence that the contract

**[*5]** provided that the payment was compensation for sickness or injury or was a gift. Furthermore, petitioner did not cooperate with the Government's request to produce the contract. Thus, the conditions of section 7491(a) are not satisfied, and the burden of proof remains on petitioner.

II.    Deficiency

Petitioner does not dispute receiving the $5,550 payment from Covance. However, petitioner argues that the payment is not includable in his gross income. It is well established that pursuant to section 61(a) gross income includes all income from whatever source derived unless otherwise excluded by the Internal Revenue Code. See Commissioner v. Glenshaw Glass Co., 348 U.S. 426 (1955). Exclusions from gross income are construed narrowly. Commissioner v. Schleier, 515 U.S. 323, 327-328 (1995). Petitioner argues that the Covance payment is not includable in gross income because it is (1) excluded under section 104 as compensation received on account of physical illness or physical sickness, and (2) excluded under section 102 as property received by gift.

A.    Section 104

As relevant here, section 104 provides in part:

SEC. 104.  COMPENSATION FOR INJURIES OR SICKNESS.

(a)  In General.--Except in the case of amounts attributable to

**[*6]** (and not in excess of) deductions allowed under section 213 (relating to medical, etc., expenses) for any prior taxable year, gross income does not include--

* * * * * * *

(2) the amount of any damages (other than punitive damages) received (whether by suit or agreement and whether as lump sums or as periodic payments) on account of personal physical injuries or physical sickness;

In interpreting section 104(a)(2), the Supreme Court has held that damages are excludable from gross income where a taxpayer proves (1) the underlying cause of action giving rise to the recovery is based on tort or tort type rights,[2] and (2) the damages were received on account of personal injuries or sickness. See Commissioner v. Schleier, 515 U.S. at 336-337. Pursuant to an amendment to section 104(a)(2) included in the Small Business Job Protection Act of 1996, Pub. L. No. 104-188, sec. 1605, 110 Stat. at 1838, the second prong of the Schleier test now requires a taxpayer to prove that the damages were received on account of personal physical injuries or physical illness. See Lindsey v. Commissioner, 422 F.3d 684, 688 (8th Cir. 2005), aff'g T.C. Memo. 2004-113; Goode v. Commissioner, T.C. Memo. 2006-48; Shaltz v. Commissioner, T.C. Memo. 2003-173; Henderson v. Commissioner, T.C. Memo. 2003-168, aff'd, 104 Fed. Appx.

_____

[2] On January 23, 2012, sec. 1.104-1(c)(2), Income Tax Regs., was amended to provide that "[t]he injury need not be defined as a tort under state or common law." Taxpayers may apply the amendment retroactively.

**[*7]** 47 (9th Cir. 2004). Moreover, satisfaction of the second prong requires the taxpayer to show "a direct causal link" between the damages received and the physical injury or sickness sustained. Lindsey v. Commissioner, 422 F.3d at 688.

Petitioner bears the burden of proving that he satisfies both prongs of the Schleier test. See Commissioner v. Schleier, 515 U.S. at 336-337; Bagley v. Commissioner, 105 T.C. 396, 406 (1995), aff'd, 121 F.3d 393 (8th Cir. 1997). The determination of the purpose for payment from the contract is factual. See Bagley v. Commissioner, 105 T.C. at 406.

Petitioner has been suffering from gout since roughly 1983, and he did not allege that he suffered from physical injury or sickness on account of the gout study. Petitioner did not prove a direct causal link between the payment he received from Covance and the gout that he has suffered from since 1983. Petitioner entered into a written contract with Covance to participate in the gout study in 2008. He testified that he has the contract, but he failed to produce it at trial. Without the contract, we cannot determine that the payment was compensation for anything except petitioner's participation in the study. Mere

**[*8]** participation in the study does not result in compensation for damages received on account of physical injury or physical sickness.[3]

B.     Section 102

Section 102(a) allows taxpayers to exclude from gross income the value of property acquired by gift, bequest, devise, or inheritance.  The Supreme Court has defined a gift for statutory purposes as a transfer of property that proceeds from a "'detached and disinterested generosity', 'out of affection, respect, admiration, charity or like impulses.'" Commissioner v. Duberstein, 363 U.S. 278, 285 (1960) (citations omitted).  The donor's intent is of critical import in deciding whether the property transferred was a gift. Id. at 285-286.

Petitioner argues that the payment from Covance was a gift.  However, petitioner did not introduce any evidence that demonstrates that Covance paid him $5,550 out of detached and disinterested generosity.  Rather, petitioner and Covance entered into a contract for him to participate in a medical study. Following the study, Covance issued petitioner a Form 1099-MISC for the payment made pursuant to this contract.  The issuance of a Form 1099-MISC

---

[3] Petitioner does not satisfy the requirements of any other paragraphs under sec. 104(a).

**[*9]** demonstrates that Covance did not have donative intent when it paid $5,550 to petitioner.  Therefore, petitioner may not exclude the amount under section 102.

In reaching all of our holdings herein, we have considered all arguments made by the parties, and to the extent not mentioned above, we conclude they are irrelevant or without merit.

To reflect the foregoing,

<u>Decision will be entered under</u>

<u>Rule 155</u>.