T.C. Summary Opinion 2016-87

UNITED STATES TAX COURT

ROBERT V. ARKOW AND YVONNE ARKOW, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 880-15S.                          Filed December 20, 2016.

Robert V. Arkow and Yvonne Arkow, pro sese.

Daniel V. Triplett, Jr., for respondent.

SUMMARY OPINION

VASQUEZ, Judge:  This case was heard pursuant to the provisions of

section 7463 of the Internal Revenue Code in effect when the petition was filed.

Pursuant to section 7463(b), the decision to be entered is not reviewable by any

other court, and this opinion shall not be treated as precedent for any other case.

Unless otherwise indicated, all section references are to the Internal Revenue Code

in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency of $865 in petitioners' Federal income tax for 2012. After a concession,[1] the only issue for decision is whether a $3,000 legal settlement petitioner husband received from Wyndham Hotel Group, LLC (Wyndham), is taxable income.

Background

Some of the facts have been stipulated and are so found. The stipulation of facts, the stipulation of settled issues, and the attached exhibits are incorporated by this reference. At the time the petition was filed, petitioners resided in California.

In December 2011 petitioner husband filed a complaint against Wyndham in the Superior Court of California for Los Angeles, California, alleging violations of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. sec. 227 (2012). The complaint did not allege any physical injuries.

On February 8, 2012, petitioner husband and Wyndham entered into a settlement agreement wherein petitioner husband agreed to release all claims against Wyndham in exchange for $3,000. Petitioner husband received the $3,000

---

[1] Petitioners concede that they must include in income $461 they received in taxable dividends.

settlement in 2012. However, petitioners did not report the $3,000 as income on their 2012 return.

Respondent issued petitioners a notice of deficiency determining that the $3,000 settlement constituted unreported gross income. Petitioners timely filed a petition with this Court for redetermination. For the reasons set forth below, we sustain respondent's determination.

## Discussion

As a general rule, the Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving otherwise.[2] Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933).

---

[2] In the Court of Appeals for the Ninth Circuit, to which an appeal of this case presumably would lie absent a stipulation to the contrary, <u>see</u> sec. 7482(b)(1)(A), (2), the presumption of correctness does not attach in cases involving unreported income unless the Commissioner first establishes an evidentiary foundation linking the taxpayer to the alleged income-producing activity, <u>see</u> <u>Weimerskirch v. Commissioner</u>, 596 F.2d 358, 361-362 (9th Cir. 1979), <u>rev'g</u> 67 T.C. 672 (1977). The requisite evidentiary foundation is minimal and need not include direct evidence. <u>See</u> <u>Banister v. Commissioner</u>, T.C. Memo. 2008-201, <u>aff'd</u>, 418 F. App'x 637 (9th Cir. 2011). Once the Commissioner produces evidence linking the taxpayer to an income-producing activity, the burden shifts to the taxpayer "to rebut the presumption of correctness of * * * [the Commissioner's] deficiency determination by establishing by a preponderance of the evidence that the deficiency determination is arbitrary or erroneous." <u>Petzoldt v. Commissioner</u>, 92 T.C. 661, 689 (1989); <u>see also</u> <u>Hardy v. Commissioner</u>, 181 F.3d 1002, 1004 (9th Cir. 1999), <u>aff'g</u> T.C. Memo. 1997-97. Respondent has established the requisite minimal evidentiary foundation linking petitioners to an

(continued...)

Respondent determined that the entire settlement that petitioner husband received from Wyndham constituted taxable income. Petitioners contend, however, that the $3,000 settlement payment is not taxable income. They argue that the settlement payment was compensation for an injury and should therefore be excluded from income under section 104(a)(2).

Section 61(a) provides that gross income includes all income from whatever source derived unless otherwise excluded by the Internal Revenue Code. See Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 429-430 (1955). The definition of gross income is broad in scope, id., and exclusions from gross income are narrowly construed, United States v. Burke, 504 U.S. 229, 248 (1992) (Souter, J., concurring); United States v. Centennial Sav. Bank FSB, 499 U.S. 573, 583 (1991).

Section 104(a)(2) provides that gross income does not include "the amount of any damages (other than punitive damages) received (whether by suit or agreement and whether as lump sums or as periodic payments) on account of personal physical injuries or physical sickness". In interpreting section 104(a)(2),

---

[2](...continued)
income-producing activity by introducing evidence that petitioner husband filed the TCPA claim and received the settlement payment. Therefore, petitioners bear the burden of proving that respondent's deficiency determinations are arbitrary or erroneous.

the Supreme Court has held that damages are excludable from gross income where a taxpayer proves (1) that the underlying cause of action giving rise to the recovery is based on tort or tort-type rights and (2) that the damages were received on account of personal injuries or sickness (Schleier test).[3] See Commissioner v. Schleier, 515 U.S. 323, 336-337 (1995).

The first prong of the Schleier test was rooted in former regulations which required that a taxpayer's personal injury action arise from traditional tort principles. See Simpson v. Commissioner, 141 T.C. 331, 345 (2013) (citing United States v. Burke, 504 U.S. 229, 234 (1992), and T.D. 6500, 25 Fed. Reg. 11402, 11490 (Nov. 26, 1960)), aff'd, __ F. App'x __, 2016 WL 4207982 (9th Cir. Aug. 10, 2016); see also sec. 1.104-1(c), Income Tax Regs. (before amendment by T.D. 9573, 2012-12 I.R.B. 498). In 2012 the Secretary amended the regulations

---

[3] Pursuant to an amendment to sec. 104(a)(2) included in the Small Business Job Protection Act of 1996, Pub. L. No. 104-188, sec. 1605, 110 Stat. at 1838, the second prong of the test in Commissioner v. Schleier, 515 U.S. 323 (1995), further requires a taxpayer to prove that the damages were received on account of personal physical injuries or physical illness. See Lindsey v. Commissioner, 422 F.3d 684, 687-688 (8th Cir. 2005), aff'g T.C. Memo. 2004-113; Goode v. Commissioner, T.C. Memo. 2006-48; Polone v. Commissioner, T.C. Memo. 2003-339, aff'd, 479 F.3d 1019 (9th Cir. 2007); Shaltz v. Commissioner, T.C. Memo 2003-173; Henderson v. Commissioner, T.C. Memo. 2003-168, aff'd, 104 F. App'x 47 (9th Cir. 2004). Moreover, satisfaction of the second prong requires the taxpayer to show "a direct causal link" between the damages received and the physical injury or sickness sustained. Lindsey v. Commissioner, 422 F.3d at 688.

and eliminated the "based upon tort or tort-type rights" requirement. The amended regulations allow taxpayers to exclude from income damages received on account of physical injuries or physical sickness even if recovery is under a statute that does not provide for a broad range of tort remedies. See sec. 1.104-1(c), Income Tax Regs. The injury "need not be defined as a tort". Id. Therefore, damages may be excludable from income under the new test when (1) damages are received (2) on account of personal physical injuries or physical sickness. Perez v. Commissioner, 144 T.C. 51, 58 (2015).

I.      Damages Received

As indicated above, we must first determine whether petitioners received damages within the meaning of section 104.[4] See id.; see also sec. 1.104-1(c), Income Tax Regs. The regulations define the term "damages" as "an amount received (other than workers' compensation) through prosecution of a legal suit or action, or through a settlement agreement entered into in lieu of prosecution." Sec. 1.104-1(c), Income Tax Regs.

---

[4] We apply the new test rather than the Schleier test because the 2012 amendment applies to damages paid pursuant to a written settlement agreement entered into after September 13, 1995, and received after January 23, 2012. Sec. 1.104-1(c)(3), Income Tax Regs. Petitioner husband entered into the settlement agreement with Wyndham on February 8, 2012, and received payment shortly thereafter.

Wyndham paid petitioner husband $3,000 pursuant to a settlement agreement to avoid the prosecution of petitioner husband's TCPA claim. Under those circumstances, we find that the $3,000 settlement payment clearly meets the definition for damages because petitioner husband received an amount through a settlement agreement entered into in lieu of prosecution of a legal suit.

II.    Personal Injuries or Sickness

We now turn to whether the $3,000 settlement payment was received on account of a personal physical injury or physical sickness. When damages are received pursuant to a settlement agreement, the nature of the claim that was the actual basis for settlement controls whether such amounts are excludable under section 104(a)(2). Burke, 504 U.S. at 237. The determination of the nature of the claim is a factual inquiry and is generally made by reference to the settlement agreement. Robinson v. Commissioner, 102 T.C. 116, 126 (1994), aff'd in part, rev'd in part on another issue, 70 F.3d 34 (5th Cir. 1995).

If the settlement agreement lacks an express statement of what the settlement amount was paid to settle, we look to the intent of the payor, which we determine on the basis of all the facts and circumstances of the case, including the complaint filed and details surrounding the litigation. Knuckles v. Commissioner,

349 F.2d 610, 613 (10th Cir. 1965), aff'g T.C. Memo. 1964-33; Robinson v. Commissioner, 102 T.C. at 127.

The settlement agreement contains no terms indicating that Wyndham issued the settlement payment on account of petitioner husband's physical injuries or physical sickness. The terms of the agreement state only that petitioner husband released "any and all rights" and claims against Wyndham in exchange for $3,000. This general release does not specifically designate a portion of the settlement payment as a settlement on account of personal physical injury or physical sickness or otherwise make any allusion to compensation for a physical injury or physical sickness. Furthermore, at trial petitioner husband conceded that neither the settlement agreement nor the complaint referenced any physical injury suffered by him.

Since the settlement agreement lacks an express statement of what the settlement payment was for, we next look to the intent of the payor to determine whether the settlement payment was on account of petitioner husband's physical injuries or sickness. In the settlement agreement Wyndham explicitly states that the payment was a "full settlement" of petitioner husband's claim. However, petitioner husband's claim alleged only violations of the TCPA; it did not allege a personal physical injury or sickness. We observe that the TCPA was enacted to

restrict the use of automated calls.  The TCPA does not provide relief for physical injuries of sickness.  Therefore, considering the purpose of the TCPA and the terms in the settlement agreement, we find that Wyndham did not intend to pay petitioner husband on account of a physical injury or sickness.

Accordingly, we conclude that petitioners cannot exclude from income the settlement payment received from Wyndham.

In reaching our holding, we have considered all arguments made, and to the extent not mentioned, we consider them irrelevant, moot, or without merit.

To reflect the foregoing,

Decision will be entered

for respondent.