T.C. Memo. 2007-98

UNITED STATES TAX COURT

CHRISTINA CONNOLLY, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8224-05.                    Filed April 24, 2007.

Christina Connolly, pro se.

Michelle L. Maniscalco, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

DEAN, Special Trial Judge: Respondent determined for 2002 a deficiency in petitioner's Federal income tax of $16,582, an addition to tax under section 6651(a)(1) of $3,332, and an accuracy-related penalty under section 6662(a) of $3,316.

The issues for decision are: (1) Whether petitioner improperly excluded from gross income proceeds from the

settlement of a charge of discrimination filed with the Equal Employment Opportunity Commission (EEOC),[1] (2) whether petitioner is liable for the section 6651(a)(1) addition to tax for failure to file timely a Federal income tax return, and (3) whether petitioner is liable for the section 6662 accuracy-related penalty.

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

The stipulated facts and exhibits received into evidence are incorporated herein by reference. At the time the petition in this case was filed, petitioner resided in New York, New York.

FINDINGS OF FACT

Petitioner is employed as a real estate sales agent, working as an independent contractor. Petitioner was employed by J.L. Shapiro Associates, Inc. (Associates), for the period 1989-90 and was rehired in 1998 as the director of client services. In December 2001, petitioner filed with the EEOC Newark area office a "Charge of Discrimination" against Associates. A "Notice Of Charge Of Discrimination" dated January 4, 2002, was issued to Associates. The alleged bases of employment discrimination were

---

[1]Computations based on the Court's resolution of this issue will determine whether petitioner is entitled to claim the child tax credit and the additional child tax credit.

sex, age, and retaliation under "Title VII of the Civil Rights Act of 1964" and under "The Age Discrimination in Employment Act of 1967".

As a result of participating in the mediation program of the EEOC, completed on February 5, 2002, petitioner and Associates entered into a Settlement Agreement and General Release and a Mediation Settlement Agreement (collectively, settlement agreement). Under the settlement agreement, petitioner was to receive a payment of $75,000 in 18 biweekly installments. According to the settlement agreement, the $75,000 "includes all vacation pay and monies owed to you by * * * [Associates]." The agreement also provided that the settlement paid to petitioner "represents the sum to compensate Christina Connelly [sic] for the alleged emotional distress suffered by her" and that the $75,000 would be reflected on an "IRS Form 1099" as "other income". In return, petitioner agreed to give up all claims, known and unknown, that were asserted or could have been asserted against Associates under Federal or State law.

On October 6, 2003, petitioner filed a Federal income tax return for 2002 that failed to report as income any of the payments received from Associates under the settlement agreement.

On November 25, 2003, petitioner's primary care physician referred her to a psychiatrist with a diagnosis of anxiety

disorder and "panic attack". Petitioner was still receiving treatment for anxiety disorder at the time of trial.


OPINION

The Commissioner's deficiency determinations are presumed correct, and taxpayers generally have the burden of proving these determinations are incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Under certain circumstances, however, section 7491(a) may shift the burden to the Commissioner with respect to a factual issue affecting liability for tax. This shifting of the burden, however, applies only where the taxpayer has introduced "credible evidence" regarding facts affecting the liability that, if no contrary evidence were submitted, would show by a preponderance of the evidence that the Commissioner's determination is erroneous. Petitioner has not introduced such evidence. In any event, the Court decides this case on the record before it and without regard to the burden of proof.

Taxpayers are required, under section 61(a), to include in gross income "all income from whatever source derived" unless any income has been specifically excepted from inclusion. See Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 430 (1955) (Congress's intent under section 61(a) was to tax income unless specifically excluded). Exclusions from gross income must be

narrowly construed.  Commissioner v. Schleier, 515 U.S. 323, 328 (1995) (citing United States v. Burke, 504 U.S. 229, 233 (1992)).

Exclusion of Certain "Damages"

Section 104(a)(2) allows taxpayers to exclude from income "the amount of any damages (other than punitive damages) received (whether by suit or agreement * * *) on account of personal physical injuries or physical sickness".  The flush language of section 104(a) specifies that "emotional distress shall not be treated as a physical injury or physical sickness."

Regulations provide that the term "damages" means amounts received (aside from workmen's compensation) through litigation or settlement of an action that is based on "tort or tort type rights".  Sec. 1.104-1(c), Income Tax Regs.

The Court in Commissioner v. Schleier, supra, held that damages are excludable from income under section 104(a)(2) if they meet a two-pronged test.  First, the taxpayer must demonstrate that the underlying cause of action giving rise to the recovery is "based upon tort or tort type rights", and second, the taxpayer must show that the damages were received "on account of personal injuries or sickness."  Id. at 335-337.  Both requirements must be satisfied for the damages to be excluded from income.  Id. at 333.

Section 104(a)(2) was amended in 1996 to include the requirement that damages be received for personal physical

injuries or <u>physical</u> sickness.  Small Business Job Protection Act of 1996, Pub. L. 104-188, sec. 1605, 110 Stat. 1838.  However, this does not otherwise alter the analysis of <u>Schleier</u>.  See <u>Tamberella v. Commissioner</u>, T.C. Memo. 2004-47, affd. 139 Fed. Appx. 319 (2d Cir. 2005).

<u>Nature of the Claim</u>

To determine whether the settlement payment is excludable under section 104(a)(2) and <u>Schleier</u>, the Court must determine the nature of the claim that was the basis of the settlement. <u>United States v. Burke</u>, <u>supra</u> at 237.  The "key question" to be answered is "'In lieu of what were the damages awarded?'". <u>Robinson v. Commissioner</u>, 102 T.C. 116, 126 (1994) (quoting <u>Raytheon Prod. Corp. v. Commissioner</u>, 144 F.2d 110, 113 (1st Cir. 1944), affg. 1 T.C. 952 (1943)), affd. in part, revd. in part on another ground and remanded 70 F.3d 34 (5th Cir. 1995).  This "determination is factual and is generally made by reference to the settlement agreement in light of surrounding circumstances." <u>Id.</u>  Both parts of the <u>Schleier</u> test are applied in the light of the nature of the claim underlying the settlement.  <u>United States v. Burke</u>, <u>supra</u> at 237.

The Court will assume here, without deciding, that petitioner's claims were "based upon tort or tort type rights". The next step in the analysis is to examine the second part of the <u>Schleier</u> test.

Personal Physical Injuries or Physical Sickness

To be excludable under section 104(a)(2) and to satisfy the second part of the Schleier test, the damages must have been received "on account of personal physical injuries or physical sickness."  This analysis is also guided by the "nature of the claim underlying" the settlement.  United States v. Burke, supra at 237.  The Court must therefore decide whether the amounts Associates paid petitioner were for personal physical injuries or physical sickness.

The flush language of section 104(a) makes it clear that emotional distress shall not be treated as a physical injury or physical sickness. "[M]ental anguish, humiliation, and embarrassment are not personal physical injuries or physical sickness * * * but are most akin to emotional distress."  Shaltz v. Commissioner, T.C. Memo. 2003-173.  Anxiety is also part of emotional distress.  4 Restatement, Torts 2d, sec. 905 (1979).  Physical manifestations of emotional distress such as fatigue, insomnia, and indigestion do not transform emotional distress into physical injury or physical sickness.  See Goode v. Commissioner, T.C. Memo. 2006-48.

Neither the charging document nor the settlement agreement references any personal physical injuries.  The settlement agreement specifically states that the amount paid includes vacation pay and money owed to petitioner by Associates and

"represents the sum to compensate Christina Connelly [sic] for the alleged _emotional distress_ suffered by her". (Emphasis supplied.)

The settlement agreement also released Associates from all claims known or unknown that were asserted or could have been asserted against Associates under Federal or State law. The nature of underlying claims cannot be determined by a general release that is broad and inclusive. _Taggi v. United States_, 835 F. Supp. 744, 746 (S.D.N.Y. 1993), affd. 35 F.3d 93, 96 (2d Cir. 1994).

Under the flush language of section 104(a), amounts paid for medical care attributable to emotional distress, however, may be treated as damages received on account of personal physical injuries or physical sickness. Petitioner has provided evidence that 21 months after the signing of the settlement agreement, she was referred to a psychiatrist with a diagnosis of anxiety disorder and "panic attack". However, she has failed to prove any connection between the discrimination charges and the disorder. See _Goode v. Commissioner_, _supra_. Even if the Court were to assume, which the Court does not, that there is a causal relationship between the event and the disorder, petitioner has not shown that any of the amounts paid to her by Associates was for the cost of her medical care. See _id._

Where a settlement agreement does not address "what portion, if any, of a settlement payment should be allocated towards damages excludable under * * * [section 104(a)(2)], the courts will not make that allocation for the parties." Taggi v. United States, supra at 746. If the "settlement agreement lacks express language" regarding what the payment was for, "then the most important fact in determining how section 104(a)(2) is to be applied is 'the intent of the payor' as to the purpose in making the payment." Metzger v. Commissioner, 88 T.C. 834, 847-848 (1987) (quoting Knuckles v. Commissioner, 349 F.2d 610, 613 (10th Cir. 1965), affg. T.C. Memo. 1964-33), affd. without published opinion 845 F.2d 1013 (3d Cir. 1988); see also Whitehead v. Commissioner, T.C. Memo. 1980-508 (general release found to indicate that payor "regarded the settlement payment as compensation for all of the claims which may have been brought by petitioner rather than as compensation for one particular type of claim").

The ultimate character of the proceeds depends on the payor's "dominant reason" for making the payment. Commissioner v. Duberstein, 363 U.S. 278, 286 (1960); accord Agar v. Commissioner, 290 F.2d 283, 284 (2d Cir. 1961), affg. per curiam T.C. Memo. 1960-21. Here, the intent of the payor is evidenced in the settlement agreement. Associates, by referring to the amounts as income to be reported on Form 1099, and by making the

statement that the agreement included the settlement of all claims without specific allocation to any particular claim, demonstrated that its dominant reason for the payment was not as damages on account of physical injury or physical sickness.

From the evidence in the record, the Court finds that the settlement amounts were not paid "on account of personal injuries or sickness", see Commissioner v. Schleier, 515 U.S. at 337, and are not excludable from gross income under section 104(a)(2).

Respondent's determination that the settlement payment is includable in petitioner's income for 2002 is sustained.

Penalties and Additions to Tax

Section 7491(c) imposes on the Commissioner the burden of production in any court proceeding with respect to the liability of any individual for penalties and additions to tax.  Higbee v. Commissioner, 116 T.C. 438, 446 (2001); Trowbridge v. Commissioner, T.C. Memo. 2003-164, affd. 378 F.3d 432 (5th Cir. 2004).  In order to meet the burden of production under section 7491(c), the Commissioner need only make a prima facie case that imposition of the penalty or the addition to tax is appropriate. Higbee v. Commissioner, supra.

Addition to Tax Under Section 6651(a)(1)

Once the Commissioner meets his burden of production regarding the addition to tax, the burden of proof remains on the taxpayer, who must prove that the failure to file was:  (1) Due

to reasonable cause and (2) not due to willful neglect.  Sec. 6651(a); United States v. Boyle, 469 U.S. 241, 245 (1985); Higbee v. Commissioner, supra at 446-447.

A failure to file a timely Federal income tax return is due to reasonable cause if the taxpayer exercised ordinary business care and prudence and nevertheless was unable to file the return within the prescribed time.  Barkley v. Commissioner, T.C. Memo. 2004-287; sec. 301.6651-1(c)(1), Proced. & Admin. Regs.  Willful neglect means a conscious, intentional failure or reckless indifference.  United States v. Boyle, supra at 245.

The parties agree that petitioner's 2002 return was due on April 15, 2003, and was not filed until October 6, 2003. Therefore, respondent has met his burden of production. Petitioner introduced no evidence or any legally sufficient reason for her failure to file a timely return.  The Court finds that petitioner did not have reasonable cause for her failure to file timely as required by section 6651(a)(1).  Accordingly, respondent's determination of an addition to tax under section 6651(a)(1) is sustained.

### Section 6662(a) Accuracy-Related Penalty

Respondent determined that petitioner is liable for an accuracy-related penalty under section 6662(a).  Section 6662(a) imposes a 20-percent penalty on the portion of an underpayment attributable to any one of various factors, including negligence

or disregard of rules or regulations and a substantial understatement of income tax.  See sec. 6662(b)(1) and (2).  "Negligence" includes any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code, including any failure to keep adequate books and records or to substantiate items properly.  See sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs.

A "substantial understatement" includes an understatement of tax that exceeds the greater of 10 percent of the tax required to be shown on the return or $5,000.  See sec. 6662(d); sec. 1.6662-4(b), Income Tax Regs.  The Commissioner bears the burden of production.  Sec. 7491(c).

Section 6664(c)(1) provides that the penalty under section 6662(a) shall not apply to any portion of an underpayment if it is shown that there was reasonable cause for the taxpayer's position and that the taxpayer acted in good faith with respect to that portion.  The determination of whether a taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all the pertinent facts and circumstances.  Sec. 1.6664-4(b)(1), Income Tax Regs.  The most important factor is the extent of the taxpayer's effort to assess his proper tax liability for the year.  Id.

Petitioner had a substantial understatement of tax for 2002 since the understatement amount exceeded the greater of 10

percent of the tax required to be shown on the return or $5,000. The Court concludes that respondent has produced sufficient evidence to show that the accuracy-related penalty under section 6662 is appropriate.

The settlement agreement advised petitioner that the payments were going to be made as "other income" and reported on a Form 1099. Petitioner's income tax return for 2002 was prepared by a paid preparer, but there is no evidence that petitioner revealed to him the facts concerning her settlement payments. Petitioner has not shown that her failure to report the payments from Associates as income was an action taken with reasonable cause and in good faith. Respondent's determination of an accuracy-related penalty under section 6662(a) is sustained.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.