T.C. Summary Opinion 2009-99

UNITED STATES TAX COURT

PAUL J. AND ALLEN C. PRINSTER, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15675-07S.              Filed June 30, 2009.

Paul J. and Allen C. Prinster, pro sese.

<u>Michael W. Berwind</u>, for respondent.


GERBER, <u>Judge</u>:  This case was heard pursuant to the
provisions of section 7463 of the Internal Revenue Code in effect
when the petition was filed.[1]  Pursuant to section 7463(b), the
decision to be entered is not reviewable by any other court, and

--------

[1]Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the year in issue, and
all Rule references are to the Tax Court Rules of Practice and
Procedure.

this opinion shall not be treated as precedent for any other case.

Respondent determined for 2005 an income tax deficiency of $18,392 and an accuracy-related penalty under section 6662(a) of $3,678. At trial respondent moved to amend the pleadings in order to seek a deficiency of $33,616 and a section 6662(a) penalty of $6,723.20. The issues for decision are: (1) Whether to grant respondent's motion to amend the pleadings; (2) whether payments that Paul Prinster (Mr. Prinster) and his attorney received from his former employer are excludable from petitioners' gross income under section 104(a)(2); (3) whether petitioners are entitled to deductions for travel, meals, entertainment, and "listed property" expenses claimed on their 2005 return; and (4) whether petitioners are liable for the section 6662(a) accuracy-related penalty.

## Background

Some of the facts have been stipulated and are so found. The stipulations of facts and the attached exhibits are incorporated herein by this reference. Petitioners resided in California when they filed their petition. Portions of the record have been sealed at the request of petitioners.

The controversy underlying this case involves the termination of Mr. Prinster's employment. Mr. Prinster believed the firing to be wrongful, and thereafter he suffered mental

distress. He also experienced hyperlipidemia, hypertension, and other ailments, which he believed to be caused by that mental distress. Petitioners hired an attorney, Mr. Lyon, who represented Mr. Prinster in the controversy. Mr. Lyon filed suit against the employer. The employer paid $76,500 to settle Mr. Prinster's claim in 2005. At Mr. Prinster's request, $28,716.50 of that amount was paid directly to Mr. Lyon. The employer accordingly issued Mr. Prinster and Mr. Lyon Forms 1099-MISC, Miscellaneous Income, in the respective amounts paid to each of them. Mr. Prinster asked Mr. Lyon whether the settlement was taxable and was advised that it was not because it was attributable to personal injuries.

Petitioners timely filed a joint Form 1040, U.S. Individual Income Tax Return, for the 2005 tax year. They did not report any of the former employer's payments as income. They did report $18,506 of income on Schedule C, Profit or Loss From Business, from Mr. Prinster's educational service business. They also claimed Schedule C expenses of $494 for meals and entertainment, $4,245 for travel, $1,876 for vehicles/machinery/equipment, and $13,975 for car and truck expenses.

On April 26, 2007, respondent issued a notice of deficiency in which he determined that petitioners had an income tax deficiency of $18,392 for their 2005 tax year. In calculating the deficiency respondent assumed that the income petitioners

reported on their Schedule C ($18,506) was attributable to the payment from the former employer ($47,783.50) and thus mistakenly believed that petitioners had underreported that payment by $29,277. Respondent disallowed petitioners' Schedule C expenses for lack of substantiation, and other items were disallowed as a result of computational limitations. Respondent also determined a section 6662(a) accuracy-related penalty of $3,678.

Petitioners filed a petition with the Court on July 11, 2007. Respondent has conceded that petitioners have adequately substantiated $960 of Schedule C rent or lease expenses. However, during preparation for trial respondent discovered that the $28,716.50 payment from the employer to Mr. Lyon was related to the payment the employer made to Mr. Prinster. Respondent also learned that the $18,506 of Schedule C income petitioners reported was not from Mr. Prinster's former employer. Respondent subsequently moved to amend his answer to conform to the proof to seek an increased deficiency and an increased penalty that accounted for all of the payments from the employer.

## Discussion

### I. Respondent's Motion To Amend the Pleadings

A party may amend a pleading only by leave of the Court, and leave shall be given freely when justice so requires. Rule 41(a). When issues not raised by the pleadings are tried by express or implied consent of the parties, the Court may allow

such amendment of the pleadings as necessary to cause them to conform to the evidence presented at trial.  Rule 41(b)(2).  Prejudice to the other party is a key factor in deciding whether to allow an amendment to the pleadings.  See Kroh v. Commissioner, 98 T.C. 383, 389 (1992).

Petitioners stipulated, for purposes of trial, that Mr. Prinster's former employer paid him a total of $76,500.[2]  At trial respondent moved to amend the pleadings to conform with the evidence regarding the payments.  Respondent seeks an increased income tax deficiency and an increased section 6662(a) accuracy-related penalty for petitioners' 2005 tax year.

The notice of deficiency placed petitioners on notice that respondent considered the payments from the employer to be includable in their gross income.  The extent of the payments, including the payment to Mr. Prinster's attorney, was known to petitioners when respondent issued the notice of deficiency.  The amendment to the pleadings does not cause prejudice to petitioners because they knew the correct amount of those payments and of the potential for tax liability.

Accordingly, respondent's motion to amend the pleadings will be granted.

---

[2]The stipulation renders moot respondent's burden of proving the increased deficiency under Rule 142(a).

II.  Section 104(a)(2) Exclusion

Section 104(a)(2) provides an exclusion from gross income for damages received on account of personal physical injury or physical sickness.  To qualify under section 104(a)(2), as amended and in effect for amounts received after August 20, 1996, taxpayers must show:  (1) The underlying cause of action was based upon tort or tort type rights; and (2) the damages were received on account of personal physical injuries or physical sickness.  Commissioner v. Schleier, 515 U.S. 323, 336-337 (1995); sec. 1.104-1(c), Income Tax Regs.

A.  Tort-Based Claim

The section 104(a)(2) requirement that petitioners' claim arise from a tort or tort type rights obligates us to examine State law, because State law determines the nature of the claim. Venable v. Commissioner, T.C. Memo. 2003-240, affd. 110 Fed. Appx. 421 (5th Cir. 2004).

Under California law an employer's right to fire an at-will employee is limited by public policy considerations.  Tameny v. Atl. Richfield Co., 610 P.2d 1330, 1332-1333 (Cal. 1980).  At-will employees may recover tort damages from employers if they can show they were discharged in contravention of fundamental public policy.  Id. at 1336.  To prevail, employees must show that important public constitutional or statutory interests were

contravened.  <u>Silo v. CHW Med. Found.</u>, 45 P.3d 1162, 1166 (Cal. 2002).

Mr. Prinster did have a tort-based wrongful termination claim against his employer.  He alleged his termination violated the public policy concerning:  (1) Making false statements (False Statements Accountability Act of 1996, 18 U.S.C. sec. 1001 (2006); <u>Holmes v. Gen. Dynamics Corp.</u>, 22 Cal. Rptr. 2d 172 (Ct. App. 1993)); (2) whistleblowing (Cal. Lab. Code secs. 98.6, 1102.5, and 1105 (West 2003 & Supp. 2009); Cal. Govt. Code secs. 8547.3, 8547.8, 19683 (West 2005 & Supp. 2009)); (3) refusal to commit illegal acts (Cal. Lab. Code sec. 2856 (West 2003)).

B.  <u>Physical Injury or Physical Sickness</u>

For payments made after August 20, 1996, Congress amended section 104(a)(2) to limit the exclusion to amounts received only for physical injuries or physical illness.  Small Business Job Protection Act of 1996, Pub. L. 104-188, sec. 1605, 110 Stat. 1838.  To determine whether the payment received was for a physical injury or sickness, we must again examine the taxpayer's underlying claim.  <u>Connolly v. Commissioner</u>, T.C. Memo. 2007-98. The determining factor is the payor's intent or dominant reason for making the payment.  <u>Vincent v. Commissioner</u>, T.C. Memo. 2005-95.  This is generally determined by reference to the stated reasons for the payment and the accompanying factual setting. <u>Stocks v. Commissioner</u>, 98 T.C. 1, 11 (1992); <u>Knoll v.</u>

<u>Commissioner</u>, T.C. Memo. 2003-277.  Generally, courts have respected the allocation made when it is an arm's-length agreement made in good faith.  <u>Stadnyk v. Commissioner</u>, T.C. Memo. 2008-289; see <u>Fono v. Commissioner</u>, 79 T.C. 680 (1982), affd. without published opinion 749 F.2d 37 (9th Cir. 1984).

Petitioners contend that Mr. Prinster suffered physical sickness in the form of headaches, vomiting, diarrhea, hypertension, hyperlipidemia, and diabetes.

Mr. Prinster's ailments are not of the type contemplated by section 104(a)(2).  Emotional distress is not treated as a physical injury or physical sickness except to the extent of amounts paid for medical care attributable to the emotional distress.  Sec. 104(a) (flush language).  "Physical manifestations of emotional distress such as fatigue, insomnia, and indigestion do not transform emotional distress into physical injury or physical sickness."  <u>Connolly v. Commissioner</u>, <u>supra</u>.  In <u>Lindsey v. Commissioner</u>, T.C. Memo. 2004-113, affd. 422 F.3d 684 (8th Cir. 2005), the taxpayer also suffered from hypertension and stress-related symptoms, and we held that these symptoms related to emotional distress rather than physical sickness.  Absent proof of medical care expenses, petitioners have not demonstrated any physical injury or physical sickness that gives rise to the section 104(a)(2) exclusion.

Furthermore, petitioners have not sufficiently shown that Mr. Prinster's ailments resulted from his termination.  The record reflects that Mr. Prinster had already been suffering from hyperlipidemia, and the record further suggests that Mr. Prinster's posttermination symptoms could also have been the product of his diet and lifestyle.  The record thus fails to establish the cause of Mr. Prinster's sickness.

Petitioners also failed to demonstrate that the payments from his employer were for physical injuries.  Though the sealed portion of the record indicates that the payments were "for alleged emotional and related physical injuries", there is no specificity about the amount, if any, that could be allocated to either.  In the absence of a basis for allocation, we presume the entire amount is not excludable.  See Taggi v. United States, 35 F.3d 93, 96 (2d Cir. 1994); Connolly v. Commissioner, supra; Sodoma v. Commissioner, T.C. Memo. 1996-275, affd. without published opinion 139 F.3d 899 (5th Cir. 1998).

C.  Payment to Mr. Lyon

Petitioners contend that Mr. Prinster received only $47,783.50 from his employer and that the $28,716.50 paid directly to Mr. Lyon should therefore not be included in petitioners' gross income.

Gross income includes "all income from whatever source derived" unless specifically excluded.  Sec. 61(a).  Section

61(a) is broadly interpreted, but exclusions from income are narrowly defined. Commissioner v. Schleier, 515 U.S. at 327-328. A taxpayer cannot exclude economic gain from gross income by assigning that gain in advance to another party because gains are taxed to those who earn them. Commissioner v. Banks, 543 U.S. 426 (2005); Lucas v. Earl, 281 U.S. 111, 114-115 (1930).

Mr. Prinster's former employer agreed to pay him $76,500. Petitioners were entitled to the $76,500 and the $28,716.50 payment therefore belonged to petitioners. Accordingly, petitioners cannot avoid the incidence of tax on that payment simply because that portion of the settlement was redirected to Mr. Lyon. The cause of action generating the $76,500 payment belonged to Mr. Prinster. Mr. Lyon was owed the amount of $28,716.50 by Mr. Prinster for legal services rendered to Mr. Prinster. Moreover, Mr. Prinster and his employer agreed that "Each Party shall bear his or its own costs and attorneys' fees." The employer made the $28,716.50 payment directly to Mr. Lyon solely because Mr. Prinster requested it to do so. The transaction is thus treated as if Mr. Prinster had received the payment from his employer and then paid that amount over to Mr. Lyon. The fact that Mr. Prinster arranged to have his employer make a portion of the payment directly to Mr. Lyon does not change the result.

Accordingly, we hold that petitioners must include in their gross income the $76,500 paid by the former employer, even though a portion was paid to Mr. Lyon.

D. Conclusion

Although petitioners have demonstrated that Mr. Prinster had a tort-based claim, they have not established that any of the payments from his employer were for physical injury or physical sickness.

Petitioners therefore cannot exclude these payments from their gross income.

III. Schedule C Expenses

Deductions are a matter of legislative grace, and taxpayers bear the burden of establishing entitlement to claimed deductions. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992). Taxpayers are required to maintain adequate records to establish the amount of their income and deductions. Sec. 6001; sec. 1.6001-1(a), (e), Income Tax Regs.

When a taxpayer establishes that he has incurred deductible expenses but is unable to substantiate the exact amounts, we generally can estimate the deductible amount if sufficient evidence exists to provide a rational basis for the estimate. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930); Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985). However, section 274(d) prohibits us from estimating a taxpayer's travel,

entertainment, and "listed property" (e.g., automobiles and other property used for transportation) expenses.  Sanford v. Commissioner, 50 T.C. 823, 827 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969); sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).

To deduct the items in dispute, all of which are subject to strict substantiation requirements, petitioners must substantiate either by adequate records or by sufficient evidence corroborating their own statements:  (A) The amount of each expense; (B) the time and place the expense was incurred; (C) the business purpose of the expense; and (D) the business relationship to them of each expense incurred.  Sec. 274(d); Beale v. Commissioner, T.C. Memo. 2000-158.  Expenses subject to section 274 requirements may be substantiated by adequate records where the taxpayer maintains an account book, a diary, a log, a statement of expenses, trip sheets, or similar records prepared contemporaneously with the expenditure supplemented by other documentary evidence.  Sec. 1.274-5(c)(2)(iii), Income Tax Regs.; sec. 1.274-5T(c)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985).  Substantiation by other sufficient evidence requires the production of corroborative evidence in support of a taxpayer's statement specifically detailing the required elements.  Sec. 1.274-5T(c)(3), Temporary Income Tax Regs., 50 Fed. Reg. 46020 (Nov. 6, 1985).

Mr. Prinster has failed to substantiate his Schedule C expenses. The only evidence supporting the deductions he claimed is his testimony that the expenses were incurred. He did not produce adequate records or other sufficient evidence to corroborate that testimony, and he therefore has not established the amounts of these expenses. With the exception of the $960 of rent or lease expenses that respondent has conceded, Mr. Prinster is not entitled to deductions for his Schedule C expenses.

IV.  Section 6662(a) Penalty

Section 6662(a) and (b)(1) and (2) imposes an accuracy-related penalty of 20 percent on the portion of an underpayment attributable to negligence, disregard of rules or regulations, or a substantial understatement of income tax. Negligence includes any failure to keep adequate books and records or to substantiate items properly. Sec. 1.6662-3(b)(1), Income Tax Regs. An understatement is substantial if it exceeds the greater of: (1) 10 percent of the tax required to be shown on the return for the taxable year, or (2) $5,000. Sec. 6662(d)(1)(A); Neely v. Commissioner, 85 T.C. 934, 947 (1985).

Petitioners had a substantial understatement of income tax because their tax liability was understated by $33,616. Petitioners were also negligent in that they failed to properly substantiate their claimed Schedule C deductions.

Petitioners contend they should not be liable for the section 6662(a) penalty on the portion of the deficiency attributable to the payments from Mr. Prinster's former employer because Mr. Lyon advised Mr. Prinster that the payments were not taxable.

Section 6664(c)(1) provides a defense to the section 6662 penalty for any portion of an underpayment where reasonable cause existed and the taxpayers acted in good faith.  In determining whether a taxpayer reasonably relied in good faith on professional advice, all facts and circumstances must be considered, including the taxpayer's education, sophistication, and business experience.  Sec. 1.6664-4(c)(1), Income Tax Regs. Generally, the most important factor is the extent of the taxpayer's effort to assess the taxpayer's proper tax liability. Sec. 1.6664-4(b)(1), Income Tax Regs.

Mr. Prinster asked his attorney, Mr. Lyon, whether the settlement was taxable.  Mr. Lyon incorrectly advised that it was not taxable because Mr. Prinster's ailments were considered physical injuries.  Petitioners are not tax sophisticated, and they relied on Mr. Lyon's advice.  It is generally reasonable for the taxpayer to rely on an attorney's tax advice as to a matter of tax law, and the taxpayer is ordinarily not required to challenge that advice.  United States v. Boyle, 469 U.S. 241, 251 (1985).  Here the reliance was in good faith and it was

reasonable for petitioners to rely on their adviser's advice on the transaction.  Sec. 1.6664-4(c)(1), Income Tax Regs.

Accordingly, petitioners are not liable for the section 6662(a) penalty on the portion of the underpayment attributable to their failure to report the $76,500 settlement.  With respect to petitioners' claimed Schedule C expenses, however, petitioners were negligent in failing to maintain proper substantiating records and are liable for the section 6662(a) accuracy-related penalty.  We leave to the parties the computation of the correct amount of the section 6662(a) penalty.

To reflect the foregoing,

<u>An appropriate order will be issued, and decision will be entered under Rule 155</u>.