T.C. Memo. 2014-23

UNITED STATES TAX COURT

MAZIE C. GREEN AND NEWTON R. GREEN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 779-11.                          Filed January 29, 2014.

Mazie C. Green and Newton R. Green, pro sese.

<u>Timothy B. Heavner</u> and <u>Wendy C. Yan</u>, for respondent.

MEMORANDUM OPINION

KERRIGAN, <u>Judge</u>:  Respondent determined a deficiency of $22,983 and a penalty of $2,097 under section 6662(a) with respect to petitioners' Federal income tax for tax year 2009.

**[\*2]** Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the tax year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.  We round all monetary amounts to the nearest dollar.

After concessions, the remaining issues for consideration are (1) whether any part of the $100,000 petitioner wife received in the settlement of a lawsuit against her former employer is excludable from income under section 104(a)(1) or (2) and (2) whether petitioners are liable for the accuracy-related penalty under section 6662(a).[1]

<u>Background</u>

This case was fully stipulated under Rule 122.  The stipulated facts are incorporated in our findings by this reference.  Petitioners resided in Virginia when they filed the petition.

In April 2002 petitioner wife suffered an on-the-job injury to her neck and back while working as a waitress at the Greenbriar Hotel (former employer) in West Virginia.[2]  She received worker's compensation total disability benefits from

---

[1]Petitioners conceded unreported interest income of $132.

[2]The Greenbriar Hotel was officially known as CSX Hotels, Inc.

[*3] April 12, 2002, through November 24, 2003.[3] On September 30, 2002, petitioner wife received a release to return to work, and she returned to work briefly in October 2002. In March 2003 petitioner wife received a second release to work. Her former employer required that she take a functional capacity exam (FCE) before returning to work. On June 11, 2003, an FCE was held. She did not pass the FCE and did not meet the physical demands of her previous position. Her former employer did not have an alternative position available.

Petitioner wife underwent two additional FCEs and was not cleared to return to her prior position. The third and final FCE showed some health concerns which resulted in a recommendation for petitioner wife to follow up with her personal physician. This led to her employment's being terminated on November 8, 2004.

On June 7, 2007, petitioner wife filed a complaint in the U.S. District Court for the Southern District of West Virginia against her former employer alleging violations of title VII of the Civil Rights Act of 1964 (title VII), Pub. L. No. 88-352, 78 Stat. 253 (current version at 42 U.S.C. secs. 2000e-2000e-17 (2006)) and the Americans with Disabilities Act of 1990 (ADA), Pub. L. No. 101-336, 104

---

[3]On July 1, 2004, Comp-Trol, Inc., sent petitioner wife a letter advising her that her employer will be required to self-administer her worker's compensation claim.

**[*4]** Stat. 327.  Specifically, her complaint alleged that her former employer discriminated against her on the basis of her race because "[t]he Defendant refused to accommodate the Plaintiff, although this had been done for a waitress of a different race" and on the basis of her disability because "[t]he Defendant harassed the Plaintiff by repeatedly requiring functional capacity exams that were not job related".  The complaint also alleged that "[t]he Defendant retaliated against the Plaintiff by terminating her for questioning their requirement of functional capacity exams, requesting accommodation, and filing complaints with the West Virginia Human Rights Commission and the Equal Employment Opportunity Commission."  The complaint did not allege any claim under a worker's compensation act, nor did it allege any personal physical injuries or physical sickness as a result of the discrimination or retaliation.

On January 15, 2009, the District Court entered an order granting partial summary judgment against petitioner wife and dismissed with prejudice her title VII race discrimination and disparate impact claims and a spoliation claim.  The ADA claim as it related to the FCEs and the title VII retaliation claim were not dismissed.  On July 10, 2009, petitioner wife filed an amended complaint which was identical to the original complaint except that she changed the defendant's name from the Greenbriar Hotel to Greenbriar Hotel Corp.

**[\*5]** In August 2009 petitioner wife and her former employer entered into a settlement agreement under which petitioner wife would receive $100,000. The parties agreed that $50,000 of the settlement "shall be attributable to wages, and shall be subject to all required Federal, State, and local withholding" and that a Form W-2, Wage and Tax Statement, would be issued to petitioner wife with respect to this amount. The parties further agreed that the remaining $50,000 of the settlement "shall be attributable to incidental emotional distress damages" which would not be subject to withholding, but that a Form 1099-MISC, Miscellaneous Income, would be issued to petitioner wife with respect to this amount. The settlement agreement made no reference to physical injury or sickness resulting from the former employer's actions and did not cover payments for a physical injury. The settlement agreement included a general release of claims against petitioner wife's former employer.

In August 2009 petitioner wife received two checks from her former employer pursuant to the settlement agreement. Petitioner wife also received a Form W-2 and a Form 1099-MISC. The Form W-2 listed $50,000 as "wages, tips, other comp." and reported withheld Federal income tax of $12,500, Social Security tax of $3,100, Medicare tax of $725, and State income tax of $2,850. The

**[\*6]** Form 1099-MISC listed $50,000 as nonemployee compensation and did not report any tax withheld.

On January 28, 2010, petitioners filed timely their initial joint Form 1040, U.S. Individual Income Tax Return, for tax year 2009. Petitioners did not report any part of the $100,000 settlement amount as income on their initial joint Form 1040.

On January 29, 2010, petitioner wife sent the Internal Revenue Service a letter disputing the Form W-2 from her former employer which reported taxable wages of $50,000. The letter states: "According to Internal Revenue Service Code, Section 104(a)(2) income is to be excluded that is received on account of personal injury". On March 22, 2010, petitioners filed a Form 1040X, Amended U.S. Individual Income Tax Return, for tax year 2009 requesting a refund of all tax withheld pursuant to the Form W-2.

On December 7, 2010, respondent issued petitioners a notice of deficiency. Respondent determined that the full $100,000 settlement amount was includible in income and could not be excluded under section 104(a)(1) or (2).

## Discussion

The Commissioner's determinations in a notice of deficiency are generally presumed correct, and a taxpayer bears the burden of proving those determinations

**[\*7]** are erroneous. Rule 142(a)(1); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933). Petitioners have not claimed or shown that they meet the requirements of section 7491(a) to shift the burden of proof to respondent as to any relevant factual issue.

Section 61(a) provides that "[e]xcept as otherwise provided * * *, gross income means all income from whatever source derived". <u>See</u> <u>Commissioner v. Glenshaw Glass Co.</u>, 348 U.S. 426, 429-430 (1955). While section 61(a) broadly applies to any accession to wealth, statutory exclusions from gross income are to be narrowly construed. <u>See</u> <u>Commissioner v. Schleier</u>, 515 U.S. 323, 328 (1995); <u>United States v. Burke</u>, 504 U.S. 229, 233 (1992). Petitioners must bring themselves within the clear scope of any statutory exclusion. <u>See</u> <u>Commissioner v. Schleier</u>, 515 U.S. at 336-337; <u>Burke</u>, 504 U.S. at 233.

I.    <u>Exclusion Under Section 104(a)</u>

Section 104(a) provides in pertinent part:

SEC. 104. COMPENSATION FOR INJURIES OR SICKNESS.

(a) In General.--Except in the case of amounts attributable to (and not in excess of) deductions allowed under section 213 (relating to medical, etc., expenses) for any prior taxable year, gross income does not include--

(1) amounts received under workmen's compensation acts as compensation for personal injuries or sickness;

**[*8]**          (2) the amount of any damages (other than punitive damages) received (whether by suit or agreement and whether as lump sums or as periodic payments) on account of personal physical injuries or physical sickness;

\*          \*          \*          \*          \*          \*          \*

\* \* \* For purposes of paragraph (2), emotional distress shall not be treated as a physical injury or physical sickness. \* \* \*

A.          Section 104(a)(1)

Section 104(a)(1) excludes from gross income amounts received under worker's compensation acts as compensation for personal injuries or sickness. Section 104(a)(1) includes amounts which are received by an employee under a worker's compensation act or under a statute in the nature of a worker's compensation act which provides compensation to employees for personal injuries or sickness incurred in the course of employment. Sec. 1.104-1(b), Income Tax Regs.

The two settlement payments in this case are for wages and incidental emotional distress. Neither of these payments was labeled worker's compensation. Petitioner wife's complaint alleged violations of title VII and the ADA. These are not worker's compensation statutes. Therefore, the payments made to petitioner wife under the settlement agreement are not excludable pursuant to section 104(a)(1).

**[*9]** B.        Section 104(a)(2)

Section 104(a)(2) excludes from gross income the amount of any damages received on account of personal physical injuries or physical sickness. The Small Business Job Protection Act of 1996 (SBJPA), Pub. L. No. 104-188, sec. 1605(a), 110 Stat. at 1838, amended section 104(a)(2) by adding the following flush language: "For purposes of paragraph (2), emotional distress shall not be treated as a physical injury or physical sickness." H.R. Conf. Rept. No. 104-737, at 301 (1996), 1996-3 C.B. 741, 1041, states that "[t]he House bill also specifically provides that emotional distress is not considered a physical injury or physical sickness."

Respondent contends that petitioner wife did not satisfy section 104(a)(2) because the settlement payments she received were not on account of personal physical injuries or physical sickness.[4] The taxpayer is required to prove that the damages were received on account of physical injuries or physical sickness. See Lindsey v. Commissioner, 422 F.3d 684, 688 (8th Cir. 2005), aff'g T.C. Memo. 2004-113; Moulton v. Commissioner, T.C. Memo. 2009-38, slip op. at 10. There

---

[4]Respondent concedes that petitioner wife's retaliatory termination claim was based upon a tort-type right. Recently we have held that a taxpayer is no longer required to demonstrate that the underlying cause of action giving rise to the recovery is based upon a tort-type right. See Simpson v. Commissioner, 141 T.C. __, __ (slip op. at 23-26) (Oct. 28, 2013).

**[\*10]** needs to be "a direct causal link" between the damages received and the physical injury or sickness sustained. Lindsey v. Commissioner, 422 F.3d at 688; Moulton v. Commissioner, slip op. at 10. To justify exclusion from income under section 104(a)(2), the taxpayer must show that his or her settlement proceeds were in lieu of damages for physical injuries or physical sickness. See Green v. Commissioner, 507 F.3d 857, 867 (5th Cir. 2007), aff'g T.C. Memo. 2005-250; Bagley v. Commissioner, 105 T.C. 396, 406 (1995), aff'd, 121 F.3d 393 (8th Cir. 1997). The nature of the claim that was the actual basis for settlement guides our determination of whether such payments are excludable from income. See Burke, 504 U.S. at 237; Robinson v. Commissioner, 102 T.C. 116, 126 (1994), aff'd in part, rev'd in part and remanded on another issue, 70 F.3d 34 (5th Cir. 1995). In evaluating the nature of the underlying claim, a key question to be asked is: "'In lieu of what were the damages awarded?'". Robinson v. Commissioner, 102 T.C. at 126 (quoting Raytheon Prod. Corp. v. Commissioner, 144 F.2d 110, 113 (1st Cir. 1944), aff'g 1 T.C. 952 (1943)).

The determination of the nature of the underlying claim is factual and is made by considering the agreement in the light of all the facts and circumstances, including the claim's characterization under applicable State law, the evidence marshaled, the arguments made by the parties, and the intent of the payor of the

[*11] settlement. Threlkeld v. Commissioner, 87 T.C. 1294, 1306 (1986), aff'd, 848 F.2d 81 (6th Cir. 1988). Key to this inquiry is the payor's intent in making the settlement payment. Knuckles v. Commissioner, 349 F.2d 610, 613 (10th Cir. 1965), aff'g T.C. Memo. 1964-33.

The settlement agreement provides that petitioner wife agreed to a general release of all claims against her former employer. The nature of underlying claims cannot be determined from a general release that is broad and inclusive. See Connolly v. Commissioner, T.C. Memo. 2007-98, slip. op. at 8; Taggi v. United Sates, 835 F. Supp. 744, 746 (S.D.N.Y. 1993). We have previously held that all settlement proceeds are included in gross income where there is a general release but no allocation of settlement proceeds among various claims. See Evans v. Commissioner, T.C. Memo. 1980-142. We find that petitioner wife's general release of all claims does not justify exclusion under section 104(a)(2).

Petitioners also failed to prove any connection between the discrimination charges and an illness of petitioner wife. See Goode v. Commissioner, T.C. Memo. 2006-48. Petitioner wife filed complaints based on discrimination and retaliation. Her complaints did not address specific physical damages related to her on-the-job injury. Petitioner wife has not produced any evidence that she incurred any medical expenses which were not previously reimbursed.

**[*12]** The first $50,000 payment was for wages. The second $50,000 payment was for incidental emotional distress. Petitioners have not shown that either $50,000 payment was related to physical injury or physical sickness. Therefore, none of the $100,000 of settlement proceeds is excludable pursuant to section 104(a)(2).

## II.    Section 6662(a) Penalty

Respondent determined that petitioners are liable for an accuracy-related penalty pursuant to section 6662(a) for tax year 2009. Section 6662(a) adds to the tax required to be shown on the taxpayer's return 20% of any underpayment attributable to, among other things, any substantial understatement of income tax within the meaning of section 6662(b)(2). The phrase "substantial understatement of income tax" means an understatement that exceeds the greater of $5,000 or 10% of the income tax required to be shown on the tax return for the taxable year. Sec. 6662(d)(1)(A).

Under section 7491(c) the Commissioner bears the burden of production regarding the taxpayer's liability for any penalty. See also Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001). Once the Commissioner has met this burden, the taxpayer must provide persuasive evidence that the

**[*13]** Commissioner's determination was incorrect. See Rule 142(a); Higbee v. Commissioner, 116 T.C. at 447.

Respondent can meet this burden by producing evidence that the underpayment is substantial as defined in section 6662(d)(1)(A). See Janis v. Commissioner, T.C. Memo. 2004-117, slip. op. at 28, aff'd, 469 F.3d 256 (2d Cir. 2006). Petitioners have conceded that the deficiency ($22,983) determined by respondent (and here sustained by the Court) exceeds the greater of $5,000 or 10% of the income tax required to be shown on the tax return ($2,298) for the taxable year. Respondent has met the burden of production.

Petitioners therefore are liable for the accuracy-related penalty unless they can show that they had reasonable cause for and acted in good faith regarding the underpayment. See sec. 6664(c)(1); sec. 1.6664-4(a), Income Tax Regs. The decision as to whether a taxpayer acted with reasonable cause and in good faith is made by taking into account all of the pertinent facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs. Relevant factors include the taxpayer's efforts to assess his or her proper tax liability, including the taxpayer's reasonable and good-faith reliance on the advice of a tax professional. See id.; see also sec. 1.6664-4(c), Income Tax Regs.

[*14] Petitioners contend that they had reasonable cause for excluding the income and acted in good faith. Petitioners admitted that they did not rely on the advice of a tax professional. The settlement agreement provided specifically that the $50,000 attributable to wages would be subject to full income tax withholding and that a Form W-2 would be issued to petitioner wife. Petitioner wife signed the agreement consenting to the withholding. Petitioners have not provided any reasonable cause for believing that the payment for wages was attributed to a worker's compensation act or compensation for personal physical injuries or physical sickness. Additionally, section 104 specifically provides that payments for emotional distress do not qualify as compensation for personal physical injuries or physical sickness. We find that petitioners did not have reasonable cause for excluding any part of the settlement payments from income. Petitioners are liable for the accuracy-related penalty under section 6662(a) and (b)(2) for tax year 2009.

Any contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

Decision will be entered under

Rule 155.