T.C. Summary Opinion 2020-19

UNITED STATES TAX COURT

DOROTHEA E. BECKETT, Petitioner <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2104-18S.                        Filed July 1, 2020.

Dorothea E. Beckett, pro se.

<u>Victoria E. Cvek</u>, for respondent.

SUMMARY OPINION

WELLS, <u>Judge</u>:  This case was heard pursuant to the provisions of section

7463 of the Internal Revenue Code in effect when the petition was filed.  Pursuant

to section 7463(b), the decision to be entered is not reviewable by any other court,

and this opinion shall not be treated as precedent for any other case.  Unless

otherwise indicated, all section references are to the Internal Revenue Code in

effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency of $5,990 in petitioner's Federal income tax and a penalty of $1,198 under section 6662(a) for tax year 2015. After concessions,[1] the only issue for decision is whether any part of a $19,000 legal settlement petitioner received from her former employer is excludable from income under section 104(a)(2).

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated by this reference. When the petition was filed, petitioner resided in Maryland.

Petitioner was employed by Genesis Mutli-Medical Center, an affiliate of Genesis Healthcare, LLC, as a certified nursing assistant beginning in January 2009 until her termination in January 2012. Petitioner suffered from seizures while at her workplace. She would hit her head hard enough to require stitches or would bite her tongue, and at least once she was sent to the emergency room. On September 29, 2014, petitioner, through counsel Thomas B. Corbin, brought suit

---

[1]Respondent concedes that petitioner is not liable for the accuracy-related penalty and that she is entitled to a deduction of $8,000 from her gross income for attorney's fees paid on her behalf in tax year 2015.

against Genesis Healthcare, LLC, and Genesis Multi-Medical Center for employment discrimination under the Americans with Disabilities Act of 1990 (ADA), Pub. L. No. 101-336, 104 Stat. 327. The basis of petitioner's claim was that she was wrongfully terminated because of her epilepsy and the company's failure to make a reasonable accommodation.

On April 15, 2015, petitioner signed an "Agreement and General Release" (settlement agreement) to settle the employment discrimination suit for $28,000. The $28,000 payment is broken down, pursuant to the settlement agreement, as follows: (1) $1,000, less withholding for payroll taxes, for backpay, which was reported on a Form W-2, Wage and Tax Statement, issued to petitioner; (2) $19,000 for claims of emotional distress, pain and suffering, physical distress, and damages, which was reported on a Form 1099-MISC, Miscellaneous Income, issued to petitioner; and (3) $8,000 for attorney's fees, which was paid directly to Thomas B. Corbin & Associates and was reported on Forms 1099 issued to both Mr. Corbin and petitioner. The settlement agreement included a general release "of and from any and all grievances, claims, demands, debts, defenses, actions or causes of action, obligations, damages and liabilities whatsoever * * * whether the same be at the law, in equity, or mixed, in any way arising from her employment or separation of employment from Multi-Medical Center."

Petitioner asked the judge presiding over her lawsuit whether the $19,000 was taxable and was told that it was not taxable because the lawsuit was based on her seizures.

In April 2015 petitioner received two checks from Genesis Healthcare, LLC, the first for $820 for the settlement of backpay and the second for $19,000. Mr. Corbin received a check for $8,000 from Genesis Healthcare, LLC. Petitioner filed timely her Form 1040, U.S. Individual Income Tax Return, for tax year 2015. She reported as income the $1,000 in backpay but did not report the $19,000 or the $8,000.

Respondent issued petitioner a notice of deficiency determining that the $27,000 reported on the Forms 1099 constituted unreported gross income. Respondent concedes that while the $8,000 of attorney's fees is includible in petitioner's income, it is also deductible as an adjustment to gross income, pursuant to section 62(a)(20). Respondent contends the remaining $19,000 is taxable. Petitioner timely filed a petition with this Court for redetermination.

## Discussion

As a general rule, the Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving otherwise. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Petitioner

has not claimed or shown that she meets the requirements of section 7491(a) to shift the burden of proof to respondent as to any relevant factual issue. Respondent determined that the entire settlement petitioner received constitutes taxable income. Petitioner contends, however, that the $19,000 settlement payment is compensation for an injury and should therefore be excluded from income under section 104(a)(2).

Section 61(a) provides that gross income includes all income from whatever source derived unless otherwise excluded by the Internal Revenue Code. See Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 429-430 (1955). The definition of gross income is broad in scope, id., and exclusions from gross income are narrowly construed, United States v. Burke, 504 U.S. 229, 248 (1992) (Souter, J., concurring); United States v. Centennial Sav. Bank FSB, 499 U.S. 573, 583 (1991).

One exclusion from gross income is found in section 104(a)(2), which provides that gross income does not include "the amount of any damages (other than punitive damages) received (whether by suit or agreement and whether as lump sums or as periodic payments) on account of personal physical injuries or physical sickness". In other words, pursuant to the statute, damages may be excludable from income when (1) damages are received (2) on account of personal

physical injuries or physical sickness. Perez v. Commissioner, 144 T.C. 51, 58 (2015).[2]

We must first determine whether petitioner received damages within the meaning of section 104.[3] The regulations define the term "damages" as "an amount received (other than workers' compensation) through prosecution of a legal suit or action, or through a settlement agreement entered into in lieu of prosecution." Sec. 1.104-1(c), Income Tax Regs.

_____

[2]In interpreting sec. 104(a)(2), the Supreme Court has held that damages are excludable from gross income where a taxpayer proves (1) that the underlying cause of action giving rise to the recovery was based on tort or tort-type rights and (2) that the damages were received on account of personal injuries or sickness (Schleier test). See Commissioner v. Schleier, 515 U.S. 323, 336-337 (1995). The first prong of the Schleier test was rooted in former regulations which required that a taxpayer's personal injury action arise from traditional tort principles. See Simpson v. Commissioner, 141 T.C. 331, 345 (2013) (citing United States v. Burke, 504 U.S. 229, 234 (1992)), aff'd, 668 F. App'x 241 (9th Cir. 2016); see also sec. 1.104-1(c), Income Tax Regs. (before amendment by T.D. 9573, 2012-12 I.R.B. 498). In 2012 the Secretary amended the regulations and eliminated the "based upon tort or tort type rights" requirement. The amended regulations allow taxpayers to exclude from income damages received on account of physical injuries or physical sickness even if recovery is under a statute that does not provide for a broad range of tort remedies. See sec. 1.104-1(c), Income Tax Regs. The injury "need not be defined as a tort". Id. subpara. (2).

[3]We apply the new test rather than the Schleier test because the 2012 amendment applies to damages paid pursuant to a written settlement agreement entered into after September 13, 1995, and received after January 23, 2012. Sec. 1.104-1(c)(3), Income Tax Regs.

When damages are received pursuant to a settlement agreement, the nature of the claim that was the actual basis for settlement controls whether such amounts are excludable under section 104(a)(2). Burke, 504 U.S. at 236-237. The determination of the nature of the claim is a factual inquiry and is generally made by reference to the settlement agreement. Robinson v. Commissioner, 102 T.C. 116, 126 (1994), aff'd in part, rev'd in part, 70 F.3d 34 (5th Cir. 1995). The agreement is considered in the light of all the facts and circumstances, including the claim's characterization under applicable State law, the evidence marshaled, the arguments made by the parties, and the intent of the payor of the settlement. Threlkeld v. Commissioner, 87 T.C. 1294, 1306 (1986), aff'd, 848 F.2d 81 (6th Cir. 1988). Key to this inquiry is the payor's intent in making the settlement payment. Knuckles v. Commissioner, 349 F.2d 610, 613 (10th Cir. 1965), aff'g T.C. Memo. 1964-33.

The $19,000 payment in issue was made "for claims of emotional distress, pain and suffering, physical distress and damages". Petitioner's complaint alleged violations of the ADA, which is not a worker's compensation statute. See Green v. Commissioner, T.C. Memo. 2014-23, at *8. We find that the $19,000 settlement payment clearly meets the definition for damages because petitioner

received an amount through a settlement agreement entered into in lieu of a legal suit or action.

We now turn to whether any of the $19,000 settlement payment was received on account of a personal physical injury or physical sickness. See Lindsey v. Commissioner, 422 F.3d 684, 687-688 (8th Cir. 2005), aff'g T.C. Memo. 2004-113; Polone v. Commissioner, T.C. Memo. 2003-339, aff'd, 479 F.3d 1019 (9th Cir. 2007); Shaltz v. Commissioner, T.C. Memo. 2003-173; Henderson v. Commissioner, T.C. Memo. 2003-168, 2003 WL 21310359, aff'd, 104 F. App'x 47 (9th Cir. 2004). For the payment to fall under section 104(a)(2), petitioner must show "a direct causal link" between the damages received and the physical injury or sickness sustained. See Lindsey v. Commissioner, 422 F.3d at 688. An allocation in a settlement agreement between excludable and nonexcludable damages is generally binding for tax purposes if the agreement was entered into by the parties in an adversarial relationship at arm's length and in good faith. Bagley v. Commissioner, 105 T.C. 396, 406 (1995), aff'd, 121 F.3d 393 (8th Cir. 1997); Robinson v. Commissioner, 102 T.C. at 126-127; Allum v. Commissioner, T.C. Memo. 2005-177, 2005 WL 1692488, at *4, aff'd, 231 F. App'x 550 (9th Cir. 2007). To the extent that further allocation is needed, we look to the intent of the payor to allocate between excludable and nonexcludable damages. See, e.g.,

Bagley v. Commissioner, 105 T.C. at 410; see also Henderson v. Commissioner, 2003 WL 21310359, at *3 ("[I]t may be necessary to determine which portion, if any, of the settlement may be attributable to damages received for personal physical injuries or physical sickness.").

Petitioner's suit began as a discrimination suit. Damages received as the result of a wrongful termination of employment claim are generally not received on account of personal physical injuries or physical sickness. See Moulton v. Commissioner, T.C. Memo. 2009-38, 2009 WL 416010, at *6. There was, however, a physical component to petitioner's complaint. The settlement agreement explicitly states that the compensatory damages were paid in part for "physical distress and damages". These terms are evidence that the payor, petitioner's former employer, intended a portion of the $19,000 to compensate petitioner for her physical injuries. This is supported by the observation of the judge presiding over petitioner's ADA claim, that petitioner's seizures were an actual basis for the settlement. Petitioner credibly testified that she suffered head and other physical injuries directly caused by her employer's refusal to make reasonable accommodations. This sets petitioner's case apart from the myriad of cases in which we have held that taxpayers' settlement payments for wrongful termination claims are not excludable from income under section 104(a)(2). See,

e.g., Green v. Commissioner, at *11-*12; Moulton v. Commissioner, 2009 WL
416010, at *6; Connolly v. Commissioner, T.C. Memo. 2007-98; Allum v.
Commissioner, 2005 WL 1692488, at *5-*6.

The damages paid to petitioner were not solely compensation for her
physical injuries, however.  We therefore need to decide what portion of the
$19,000 settlement agreement was paid on account of her personal physical
injuries.  See Lindsey v. Commissioner, 422 F.3d at 689 (finding taxpayer failed to
identify percentage of settlement payment allocable to physical injury or physical
sickness and record lacked evidentiary basis for court to determine specific
percentage); Domeny v. Commissioner, T.C. Memo. 2010-9, 2010 WL 114287;
Hansen v. Commissioner, T.C. Memo. 2009-87 (finding taxpayer failed to
establish whether any portion of award was received on account of personal
physical injuries or physical sickness).  In Domeny v. Commissioner, 2010 WL
114287, at *4, the settlement agreement was silent as to the payor's intent but
allocated payments as wage compensation, attorney's fees, and nonemployee
compensation.  The Court concluded that the taxpayer offered credible evidence
proving that she was physically ill and that she informed her employer of that fact,
and held that the differing treatment of the three types of payments and the

negotiations between the taxpayer and the employer suggested that at least a portion of the taxpayer's recovery was attributable to that physical illness. Id.

Petitioner's facts are similar to those in Domeny. The agreement in the instant case explicitly allocates the settlement amount among backpay, attorney's fees, and compensatory damages. Petitioner's settlement agreement further identifies three bases for the $19,000 settlement payment: "emotional distress", "pain and suffering", and "physical distress and damages". We have no reason to believe that this express allocation was not the result of adversarial, arm's-length, and good-faith negotiations, or that it is incongruous with the "economic realities" of petitioner's underlying claims. Accordingly, we conclude that one third of petitioner's $19,000 settlement payment is excluded from income under section 104(a)(2). In reaching our holding, we have considered all arguments made, and to the extent not mentioned, we consider them irrelevant, moot, or without merit.

To reflect the foregoing,

Decision will be entered under Rule 155.